## Randig *v.* O'Hara (et al., Appellant).

252

Argued April 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John C. Sherriff*, with him *Paul E. Hutchinson*, of *Sherriff, Lindsay, Weis & Hutchinson*, and *John B. Greer*, for garnishee, appellant.

*J. Campbell Brandon*, of *Brandon & Brandon*, with him *A. R. Cingolani*, for appellee.

OPINION BY KELLER, P. J., September 30, 1936:

The plaintiff, Elizabeth Randig, recovered a judgment for $2500 in an action of trespass against the defendant, Eugene O'Hara, for the damages sustained by her because of the death of her husband, which resulted

from his being struck by an automobile negligently operated by the defendant. The automobile belonged to the defendant's mother, Sarah C. O'Hara. The defendant had general authority to use and operate it. The keys had been given to him for that purpose. No one else in the household was qualified to operate it or had a driver's license, and no person had been hired or employed by Mrs. O'Hara as a chauffeur. She paid all the bills for gasoline and oil used by her son, Eugene, in operating the car.

Mrs. O'Hara had a policy of insurance, issued by the appellant garnishee, Fidelity and Casualty Company of New York, indemnifying the assured against, inter alia, loss resulting from an accident occurring while the policy was in force and caused by reason of the use, ownership or maintenance of the said automobile, and liability imposed by law for damages on account of bodily injury or death, suffered by any person or persons other than employees. The policy contained the following additional or 'omnibus' clause: "In .addition to the Assured named in the policy, any other persons while riding in or legally operating any automobile covered hereby, and any other person, firm or corporation while responsible for the operation of any such automobile, shall be deemed to be included within the meaning of the word 'Assured' wherever used in this policy; provided (1) That such person, firm or corporation is not covered by any other valid and collectible insurance against an accident covered by this policy; (2) That such automobile is being used as described in statement 6 of the schedule within the limits of the United States of America and Canada with the permission of the Assured named in the policy or with the permission of an adult member of the named Assured's household other than a chauffeur, domestic servant or other employe of the Assured;......But the provisions of the foregoing paragraph shall not be ap-

plicable to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station, and the agents or employees thereof."

The plaintiff, claiming that the clause in the policy just above recited, also insured Eugene O'Hara, an adult son of the Assured and a licensed driver, legally operating the automobile covered by the policy with the permission of the Assured, and responsible for its operation, at the time it struck and injured the plaintiff's husband, and that he was not covered by any other valid and collectible insurance against an accident covered by the policy, issued an attachment execution on the judgment so obtained against Eugene O'Hara and summoned the insurer, Fidelity and Casualty Company as garnishee.

The garnishee, denied liability on the ground that at the time of the accident causing the death of plaintiff's husband "the said Eugene O'Hara was driving the automobile of Sarah C. O'Hara on his own business, and not on any business of the said Sarah C. O'Hara, and was driving said automobile at that time without the permission of the said Sarah C. O'Hara, being the assured named in the policy, but on the contrary, was driving it against the express prohibition of the said Sarah C. O'Hara and in direct disobedience of her orders to him, the said Sarah C. O'Hara having expressly forbidden Eugene O'Hara to take the automobile covered by said policy of insurance on the day and trip on which George Randig was killed by reason of the operation thereof."

The trial judge submitted the case to the jury, which rendered a verdict in favor of the plaintiff. The court below discharged garnishee's rules for judgment non obstante veredicto and for a new trial, and entered judgment on the verdict. Garnishee appealed to this court.

The questions raised by the appeal are: (1) Did the

evidence in the case require a directed verdict for the garnishee, or justify the submission of the case to the jury? (2) If the latter, does it require us to hold that the jury capriciously disregarded and disbelieved the testimony of garnishee's witnesses, Sarah C. O'Hara, Eugene O'Hara and Ida Anderson? As we view the case, in the light of the recent pronouncement of the Supreme Court in *Brower v. Employer's Liability Assurance Co.*, 318 Pa. 440, 177 A. 826, the answers to both questions are against the appellant.

The clause of the policy in question did not provide that the person operating the car should be acting for or engaged on the business of the owner of the car; but only that he was legally operating the car, or responsible for such operation, with the permission of the owner or of an adult member of her household, other than a chauffeur, domestic servant or other employe, and that the operator was not covered by any other valid and collectible insurance against an accident covered by the policy. Hence the record in the suit of the plaintiff against Mrs. O'Hara was wholly irrelevant and inadmissible. The liability of the garnishee insurance company under the policy was not based on Eugene's agency for his mother, but only on his operation of the car with her permission.

It is not disputed that Eugene O'Hara was of full age; that he had a driver's license; that he had general authority to operate the car—no one else in the family or household could legally operate it. The keys to the car had been given him for that purpose and he used it whenever he felt he wanted it or needed it. The gasoline consumed in such uses was charged to and paid by his mother. By the express provision of the policy Eugene O'Hara could have given permission to any person to use the car and the policy would have insured that person, as respects the accident which occurred, even though he had exceeded, or deviated from,

the permission granted, provided he was not acting at the time as agent or employee of a public automobile garage, repair shop, etc.: *Brower v. Employer's Liability Assurance Co.*, supra. It is clear from this that an adult member of the owner's family, who had a driver's license, did not need special permission from the owner to drive the car and be within the insurance coverage of the policy. The right of an adult member of the family to grant permission to another to operate the car, implies permission to operate it himself, if authorized by law to drive a car.[1]

We do not think that the colloquy which took place the morning of the accident between Mrs. O'Hara and her son *required* a finding that this general authority resting in her son to operate the car was abrogated or even suspended.

She was evidently vexed at his late use of the car the night before, and on learning that he proposed to go to Butler that day, told him that he must not use the car [Mrs. O'Hara's version]; or 'not to take the car' [Eugene O'Hara's version]; or 'I don't want you to take the car' [Mrs. Anderson's version]. But she did not require or ask him to turn over the keys to her, or revoke his general authority to use the car, or do anything else by way of countermanding his right to operate the car. He, evidently, did not regard it as a command or anything more than an expression of her wishes, for he got up from the table, went out to the garage, took out the car and drove to Butler. She paid for the gasoline purchased by him that day. There was testimony that Mrs. O'Hara telephoned to the plaintiff, or her son acting for her, shortly after the accident, that she was very sorry that it had happened,

---

[1] *U. S. Fidelity & Guaranty Co. v. Hall*, 237 Ky. 393, 35 S. W. (2) 550, 552; *Andrews v. Commercial Casualty Ins. Co.*, 128 Neb. 496, 259 N. W. 653, 655; American Bar Assn. Journal, Vol. 22, p. 615, (Sept. 1936).

that they had insurance on the car and that she (the plaintiff) would be taken care of. Subsequent developments in the case may have caused a change of feeling on her part.

In any event we do not think that the testimony requires a finding that the general authority of Eugene O'Hara to operate the car was abrogated or suspended by the fact that his mother may have told him that day not to take the car, so long as she permitted him to keep the keys, which she had given him and which supplied the physical means of operation. He did not so regard it, but considered it as only an expression of her wishes rather than a revocation of authority. He had used the car in disregard of such expression before and did it again, because he felt he had the right to use it whenever he wanted to or felt like it; and she had never deprived him of the power to use it by taking away the keys which made it possible for him to use it.

The jury could very well find that notwithstanding the language used by Mrs. O'Hara that morning—whichever version be accepted—the general authority of Eugene to use the car had not been abrogated or suspended so as to take him out of the insurance coverage of the policy.

The assignments of error are overruled and the judgment is affirmed.