Carroll,
June 1, 1943. } No. 3417.

## ROLLAND R. RASQUIN *v.* JOSEPH COHEN.

*Rolland R. Rasquin* (by brief and orally), *pro se.*

*Thomas H. Simes & Son* (*Mr. Thomas H. Simes* orally), for the defendant.

BRANCH, J. "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." R. L., c. 398, s. 1. Under this statute, newly discovered evidence of false swearing may make out a case of accident, mistake or misfortune. As the statute has been interpreted, however, the new evidence must be "of such a character that it is at least probable that a different result would be reached upon another trial." *McGinley* v. *Railroad*, 79 N. H. 320, 321, and cases cited. In the present case the Presiding Justice reports that he "is unable to find . . . that had the telephone slips been introduced at the trial it would have changed the result of that trial or that were a new trial to be held a different result would be reached" and the defendant argues that since the necessary finding was not made, the motion for a new trial was properly denied.

As a partial answer to this argument, the plaintiff points out that the finding of the court is strictly limited to the effect of the telephone slips, and argues cogently that "the very limited and narrow view taken by the trial court overlooks the strong and almost irresistible probability that, with the telephone slips in evidence, there would be a complete and radical change in the testimony of the defendant on such a second trial, particularly on cross-examination."

We are not entirely satisfied, however, with the rule that it must be found to be probable that the newly discovered evidence will produce a different result before a new trial is ordered. A rule which requires the Presiding Justice to forecast the workings of the minds of twelve supposititious jurymen can hardly be regarded as sensible. If it is true that "an attempt to analyze the process by which the verdict was reached, and to ascertain the effect which

each portion of the evidence had in producing it, will generally prove unsatisfactory" (*Mason* v. *Knox*, 66 N. H. 545, 547), then, *a fortiori*, it will generally prove unsatisfactory to try to predict how another jury would probably react in the same case to other evidence.

The facts of the present case are strongly suggestive of an attempt to perpetrate a fraud upon the court, and, in such a case, we are of the opinion that the present rule should be modified to provide as follows: When a party is given a verdict and it later appears that he testified falsely on a material issue, and the evidence proves, or strongly tends to prove, that the false testimony is dishonest, the verdict will be set aside even if it is not found that a new trial will probably produce a different result. This is in accordance with the rule which prevails in this state, that the misconduct of a party at the trial is cause for setting aside a verdict. *State* v. *Hascall*, 6 N. H. 352; *McIlvaine* v. *Wilkins*, 12 N. H. 474; *Cilley* v. *Bartlett*, 19 N. H. 312; *Allen & Co.* v. *Aldrich*, 29 N. H. 63. An application of this rule to the facts before us leads to the conclusion that there must be a new trial.

*New trial.*

All concurred.