Hillsborough, } No. 3698.
Dec. 2, 1947. }

LAURA E. GAUTHIER, *Ex'x v.* DELIMA R. GOSSELIN, *Ap't.*

*Bois & Bois* and *Chretien & Craig* (*Mr. Maurice P. Bois* orally), for the plaintiff.

*McLane, Davis, Carleton & Graf* (*Mr. Stanley M. Brown* orally), for the defendant.

KENISON, J. This case presents the issue whether the verdict or findings of a jury, in a probate appeal involving the validity of a will, are advisory to or binding upon the Trial Court. Since there is no constitutional right to a jury trial in a probate appeal (*James v. Staples*, 87 N. H. 49: 2 Page, Wills (3d *ed.*), ss. 643, 644), the issue is solely one of legislative intent. Consequently cases in other juris-

dictions are of little weight and the relative merits of either view calls for a legislative rather than a judicial judgment. See, Fed. R. Civ. P., Rule 39; Model Probate Code (1946) *s.* 18 (b) and *Comment.*

The holding in *James* v. *Staples, supra,* that the Presiding Justice in a will contest had no power to disregard a jury verdict on the issues of sanity and undue influence was changed the following year by the Legislature. Laws 1935, *c.* 120. Thereafter "in probate appeals . . . the verdict or findings of the jury shall be advisory and may be modified or set aside if not satisfactory to found a decree upon." R. L., *c.* 370, *s.* 14. At the time of the 1935 amendment P. L., *c.* 311, *s.* 11, regulating appeals from the court of probate read as follows: "On an appeal, if any fact material to the cause shall be disputed, the court may direct an issue proper to try such fact to be framed, and ascertain the same by verdict of a jury." Two years later a new sentence was added to section 11 by Laws 1937, *c.* 157: "In any probate appeal involving the validity of an instrument purporting to be a will in which material facts are in dispute, the court shall, upon request of either part, frame issues and ascertain the facts by the verdict of a jury." Both section 11 and the 1937 amendment were included in the revision of the Public Laws as R. L., *c.* 365, *s.* 11, and no change was made in the 1935 amendment which appears in R. L., *c.* 370, *s.* 14.

By its express terms R. L., *c.* 370, *s.* 14, makes a jury verdict in probate appeals "advisory and may be modified or set aside if not satisfactory." It is argued, however, that the phrase "ascertain the [facts] by the verdict of a jury" in R. L., *c.* 365, *s.* 11, has the effect of repealing the former statute since it was enacted at a later date. A short answer to this contention is that both statutes were reenacted at the same time in 1941 as the Revised Laws, so "that the former is to be considered with reference to the latter without repealing or modifying it." *Perkins* v. *Company,* 90 N. H. 534, 540. If both statutes "may stand together, the latter does not repeal the former, but they shall both have a concurrent operation." *State* v. *Wilson,* 43 N. H. 415, 419.

There is another more persuasive reason why the contention cannot be adopted. In this state repeal by implication "is not to be found if any other reasonable construction may avoid it." *State* v. *Wilton Railroad,* 89 N. H. 59, 61, 62. The purpose of R. L., *c.* 370, *s.* 14, in abolishing the rule enunciated in *James* v. *Staples, supra,* is unmistakable. It has not been changed in form or substance since its original passage in 1935 and there is no evidence that R. L., *c.* 365, *s.* 11, was intended to repeal it by implication.

Both statutes may be construed together without inconsistency in either. Under R. L., *c.* 370, *s.* 14, the findings or verdict of a jury in probate appeals are advisory only. Under R. L., *c.* 365, *s.* 11, where material facts are in dispute in such appeals, the Presiding Justice of his own initiative may and, upon request of either party, must frame issues for an advisory jury. Stated differently this latter statute allowed a litigant in a will case to demand an advisory jury, where material facts are in dispute, whereas formerly this was discretionary with the Presiding Justice.

The Presiding Justice could accept or reject the advisory findings of the jury in whole or in part. Although the evidence was conflicting, we cannot say as a matter of law that the findings and rulings of the Trial Court were erroneous. It appears that the Presiding Justice considered the evidence in favor of the plaintiff as neither false nor incredible but rather in the words of the statute "not satisfactory to found a decree upon." In the absence of an abuse of discretion, the order sustaining the appeal and disallowing the will is affirmed.

The right of the plaintiff to recover for services rendered has not been argued or considered. *Lemire* v. *Haley*, 93 N. H. 206.

*Decree for the defendant.*

BLANDIN, J., did not sit: the others concurred.