Hillsborough,
No. 4351.

STANDARD ACCIDENT INSURANCE COMPANY *v.* MARION A. GORE & a.

Argued November 4, 1954.

Decided November 30, 1954.

*Paul E. Nourie* and *Bartram C. Branch* (*Mr. Nourie* orally), for the plaintiff.

*Devine & Millimet* and *Augustine J. McDonough* (*Mr. McDonough* orally), for the defendants Gore.

*Sullivan & Gregg* and *Cheever & Sullivan* (*Mr. James L. Sullivan* orally), for the defendant administratrix.

DUNCAN, J. The policy of insurance, which was issued to Mrs. Gore as named insured, provided that the word "insured" as used therein should include "any person while using the automobile . . . provided the actual use of the automobile is by the named insured or with his permission." It bore a statutory motor vehicle endorsement incorporating by reference "all policy provisions required" by R. L., c. 122, as amended, which provides that such insurance shall apply "to any person who has obtained possession or control of the motor vehicle of the insured with his express or implied consent even though the use in the course of which liability to pay damages arises has been expressly or impliedly forbidden by the insured or is otherwise unauthorized." R. L., c. 122, s. 16. See *Merchants &c. Co.* v. *Goodale*, 90 N. H. 406, 409. The limits of coverage afforded by the policy exceeded the minimum limits required by the statute.

The issue submitted without objection to the jury was framed in the language of the statute: "At the time and place of the accident . . . was James E. Gore operating the Buick automobile of

Marion A. Gore with her express or implied consent?" The jury was instructed that there was no evidence of express consent "for the particular trip which resulted in the accident in question." The answer returned by the jury was "yes." The plaintiff excepted to the denial of its motion for a directed verdict and to the denial of its request for an instruction that the submitted question should be answered in the negative.

The burden of establishing coverage was upon the defendants. *Travelers Ins. Co.* v. *Greenough*, 88 N. H. 391; *Standard &c. Ins. Co.* v. *Cloutier*, 92 N. H. 449. On the plaintiff's motion for a directed verdict in its favor, the evidence is to be construed most favorably to the parties having the burden of the proof. *Maloney* v. *Company*, 98 N. H. 78. "[T]he real situation is that [the plaintiff] is defending against a claim of its liability." *Travelers Ins. Co.* v. *Greenough, supra*, 393. The plaintiff argues that it conclusively appears that Mrs. Gore had expressly forbidden her son to use the automobile after the first trip to Wilton, and in support of its argument relies upon the testimony that she said to him, "Please do not take the car again tonight," and upon answers made by her and by James on deposition prior to the trial, to the truth of which each of them testified at the trial. Mrs. Gore's testimony on deposition was to the effect that a "fair interpretation" was that she "said that [she] didn't want [James] to take the car again that night for a taxi." James' testimony on deposition was that when he took the car the second time to go to Wilton it "was just the sort of thing that [his] mother told [him] that [he] was not to do that night" and that he understood that the car "was not to be used to take any of [his] friends to any destination."

It is not urged that the defendants are bound by this testimony on deposition under the rule of *Harlow* v. *Leclair*, 82 N. H. 506, but rather that the jury "could not have rightfully found" that the automobile was being used with Mrs. Gore's consent. In making this contention the plaintiff asserts that the evidence of use of the automobile by the son prior to the accident was incompetent to show implied consent because of a lack of evidence that prior use had been made under circumstances similar to those which existed on the evening of the accident. The plaintiff's motion to strike out the testimony of two witnesses bearing upon the extent of the prior use was denied subject to exception.

The motion to strike and the motion for a directed verdict were

properly denied. It could be found from the testimony of both Mrs. Gore and her son that the use made of the automobile by the latter after his first trip to Wilton was not forbidden. If other parts of their testimony were inconsistent or in conflict, the doctrine of *Harlow* v. *Leclair, supra,* did not operate to bind them to any selected portion. *Colburn* v. *Normand,* 96 N. H. 250, 253, and cases cited. There was no error in receiving evidence which tended to show a prior course of conduct with respect to James' use of the automobile from which his mother's consent to his unrestricted use of it could be implied. It was "clearly relevant and admissible as indicating the extent of the use to which the defendant . . . gave [her] consent." *American Employers Ins. Co.* v. *Wentworth,* 90 N. H. 112, 115; *United States Fidelity &c. Co.* v. *Dunn,* 90 N. H. 236; *Am. Employers Ins. Co.* v. *Insurance Co.,* 93 N. H. 101. Since it could be found that consent was given to unrestricted use, no occasion arose to establish prior use by James under circumstances precisely similar to those of March 18, 1950. *Aetna Life Ins. Co.* v. *Chandler,* 89 N. H. 95, 99. The case of *Liberty Mut. Insurance Co.* v. *Martel,* 88 N. H. 479, relied upon by the plaintiff is not authority to the contrary. There the evidence tended to prove at most that the owner's employee had been authorized to drive the insured vehicle. Evidence of consent to its use for the employee's own purposes was clearly lacking.

The issue in the instant case was whether the owner's implied consent to unrestricted use was withdrawn or qualified with respect to the use actually made on the evening in question because of what was said at that time. It was properly submitted to the jury by the instruction: "You must decide whether what was said constituted a revocation or suspension of a pre-existing implied consent." Mrs. Gore's reference to the use of the automobile "as a taxi" was given meaning by her further testimony that during the previous Christmas vacation there had been "lots of boys dropping in all through the vacation, and my car was just used to take boys here, there and everywhere . . . and I got rather fed up—figuring that some of the others could use their car for a change . . . . They knew that I was a little annoyed about this car picture anyway." The son testified that use of the car as a taxi meant "driving back and forth all over the place all night." It was for the jury to determine the effect of the mother's remark under the circumstances which existed on the night of the accident. It could be found to have left something to the son's

discretion. What it meant and whether his use of the car necessarily took on the characteristics of use as a taxi and, if so, whether it was therefore forbidden were questions of fact for the jury's determination. A finding that James still had authority to use the car "in any ordinary manner that he might see fit" was not unwarranted. *Harrison* v. *Carroll*, 139 F. (2d) 427, 429. He was under no instruction to return the keys of the car or to garage it, upon his return from the first trip. See *Randig* v. *O'Hara*, 123 Pa. Super. 251.

Implied consent is defined by Appleman as "inferential permission, in which a presumption is raised from the course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent." 7 Appleman, Insurance Law & Practice, s. 4365. See also, 45 C. J. S. 897, 898. The plaintiff argues that there could be no finding of implied consent because Mrs. Gore had no knowledge of the use being made when the accident occurred, and because her son testified that it "was just the sort of thing [she] had told [him] . . . not to do that night," so that mutuality was lacking. The argument appears to us untenable. The inference of implied consent arose from the prior course of conduct of both parties evidencing their mutual understanding. It could be found to extend to uses of which the owner was not notified in advance. *Aetna Life Ins. Co.* v. *Chandler, supra.* Whether it was revoked by the owner turned upon the reasonable meaning of what she said, rather than some interpretation which her son may have given it in his testimony. *United States Fidelity &c. Co.* v. *Dunn, supra,* 239. Her remarks could be interpreted merely as an indication of disapproval of excessive and unnecessary use, rather than a prohibition of any use beyond the first trip. If it were found that a mutual course of conduct had established general consent, the question became whether her consent to the particular use was in fact withdrawn, so that the relationship ceased to be consensual. The issue was one upon which a finding could reasonably be made for the defendants.

In the course of the trial the plaintiff excepted to various rulings admitting or excluding evidence. Over its objection that the question was leading, Mrs. Gore was permitted to testify that she did not "forbid" her son "the use of the car that night." Also over objection as "invading the province of the jury," James was permitted to testify that "whatever [his] mother said . . . was simply an expression of a wish . . . ." Again subject to the plain-

tiff's exception, a question by its counsel to Mrs. Gore whether she made it "clear that they were not to use the car to trot the young people back and forth" was excluded on objection. There was no error in these rulings. The plaintiff objected to the first question upon the ground that it was leading, but now argues that it invaded the province of the jury. Since the latter ground was not advanced at the trial it is not now open. If it were, it would require no different conclusion. The ruling of the Court was within its discretion, even if the question bore upon a main issue. *Dowling* v. *Shattuck*, 91 N. H. 234, 236, and cases cited; *Rau* v. *Stores*, 97 N. H. 490, 495. VII Wig. Ev. (3rd *ed*) *ss*. 1920-1924. For the reasons stated in the citations the plaintiff's second objection was also properly overruled.

The objection to exclusion of the question put to Mrs. Gore by plaintiff's counsel stands no better. The plaintiff argues that it was admissible because she had testified upon deposition that she did make it clear. The question was not competent on that account. *Therrien* v. *Company*, 99 N. H. 197. The deposition might be used to contradict admissible evidence, but the evidence was not admissible merely because it might become subject to contradiction. The question called for the party's opinion as to the effectiveness of her own conduct. There was no reason to suppose that the jury would be aided thereby, and exclusion was within the Court's discretion. *Dowling* v. *Shattuck, supra*; *Danos* v. *Company*, 94 N. H. 200.

A question put to the witness Brigham was properly excluded for the same reason. It called for his judgment upon what he considered to be a hypothetical situation.

In argument to the jury, plaintiff's counsel stated that a particular witness had testified that Mrs. Gore "said something about Jimmy not being supposed to use the car that night." Upon objection that the witness' words were "not using the car," the words "that night" were stricken from the argument subject to exception, although counsel urged that his argument was a reasonable inference. The witness had testified: "There was something said about not using the automobile . . . . " He had previously testified that he "didn't personally talk with" Mrs. Gore. The entire argument on the point appears to have been unwarranted, and the exception is overruled. The exception to the denial of the plaintiff's fourth request for instructions, based upon *Liberty Mut. Ins. Co.* v. *Martel, supra,* was properly denied for reasons already

indicated. The exception to denial of the motion to set aside the verdict has not been briefed or argued and is deemed to be waived.

*Exceptions overruled.*

All concurred.