**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Milford BEHRINGER et ux., Appellees.**

**No. 4642.**

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1967.

**652**

Richey, Sheehy, Teeling & Cureton, Benjamin N. Hamilton, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment overruling a plea of privilege. Plaintiffs Behringer and wife, sued defendant Insurance Company in McLennan County, alleging that plaintiffs had in November, 1965 been injured in an automobile collision when an automobile belonging to Barbara Pepper and driven by John H. Aiken, Jr. ran into them; that plaintiffs sued Aiken, and recovered a judgment for $4500. for Behringer and $7500. for his wife, which judgments are final. Plaintiffs further alleged that defendant Insurance Company had a policy covering Barbara Pepper and anyone using her automobile with her permission, and plaintiffs are third party beneficiaries under the terms of such policy.

Defendant Insurance Company filed its plea of privilege, alleging it was a foreign corporation with its principal office for Texas in Dallas County, and prayed the cause be transferred to Dallas County.

Plaintiffs controverted, asserting venue in McLennan County under Subdivision 23, Article 1995, Vernon's Ann.Tex.Civ.St.

The trial court, after hearing, without a jury, overruled defendant's plea of privilege.

Defendant appeals, contending the trial court erred in overruling its plea of privilege because there is no evidence, or insufficient evidence, that Aiken, the driver of Pepper's automobile, was driving with Pepper's permission.

Subdivision 23, Article 1995, V.A.T.S. provides that suits against corporations may be brought in the county in which the cause of action, or a part thereof, arose. The collision occurred in McLennan County.

Miss Pepper's insurance policy issued by defendant, provided liability coverage to the named issured (Miss Pepper) and "to any other person using such automobile with the permission of the named insured."

The trial court found as a fact that at the time of the collision Aiken was operating the automobile with the permission of Miss Pepper.

The sole issue for determination is whether the evidence sustains the finding that at the time of the accident, Aiken was operating the Pepper automobile with her permission.

The evidence shows Aiken lived in the home of Miss Pepper's parents; that he was Miss Pepper's boy friend; went on dates using her car; had driven her car by himself when he desired to go to the store to get things for Miss Pepper, her family, and also for the sole purpose of his personal errands, and that she never objected; that on the day of the collision Aiken and Miss Pepper came to Lake Whitney in the car, and drove on to visit the Spences, friends of Miss Pepper, in Waco. Miss Pepper did the driving and left the car in front of the Spences' house with the keys in the ignition. After visiting the Spences for a few minutes the subject of Pepper's car, which was new, came up, and all went into the yard where the car was parked, and Aiken and the Spences' 13 year old boy got into the car. The Spences' son asked Aiken to take him for a ride in the new car; Miss Pepper said "No, you're not taking him for a ride", and Aiken said "It won't hurt anything", and shut the door of the car and they drove off. Miss Pepper made no effort to take the keys away from Aiken,

and made no further effort to stop Aiken. Shortly thereafter the collision with plaintiffs occurred. A few weeks thereafter Miss Pepper and Aiken were married.

Under the standard omnibus clause of an automobile liability policy, an operator is entitled to protection if his use of the vehicle is with either the express or the implied permission of the named insured. While express permission must be affirmatively stated, implied permission may be inferred from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection, signifying consent. It is usually shown by usage and practice of the parties over a period of time preceding the occasion on which the automobile was used. Royal Ind. Co. v. H. E. Abbott & Sons, Tex.Sup., 399 S.W.2d 343.

Defendant contends Miss Pepper's statement to Aiken "No you're not taking him for a ride", negates any implied permission Aiken had to drive the car.

The record here supports the finding that Aiken had been given actual and implied permission to operate the automobile by Miss Pepper in the past. On the occasion in question Miss Pepper testified she told Aiken "No you are not taking him for a ride." Miss Pepper, however, did not remove the keys from the car, and made no further effort to stop Aiken. Under such circumstances the trier of fact had a right to take all circumstances into consideration, and conclude that if the use of the car by Aiken was not with Miss Pepper's tacit or implied consent, she could have found some way to prevent its use. Christiansen v. Schenkenberg, 204 Wis. 323, 236 N.W. 109. Or the trier of fact could have concluded that her statement was merely an expression of her wishes rather than a revocation of authority to drive the car. Randig v. O'Hara, 123 Pa. Super. 251, 187 A. 83. Or as stated in Employers Mut. Cas. Co. of Des Moines v. Mosqueda, 5th Cir., 317 F.2d 609, " 'Actions speak louder than words,' because here there was a possibility that a prior course of conduct could outweigh even an express statement by (the owner)."

In any event, Miss Pepper was directly interested in the law suit, and the trial court had a right to reject her testimony. 62 T.J. 2d, Secs. 372, 373; Anchor Casualty Co. v. Bowers, Tex., 393 S.W.2d 168.

We think there is ample evidence to support the trial court's finding that Aiken was operating the automobile at the time of the collision with the permission of Miss Pepper.

Defendant's points and contentions are overruled.

Affirmed.