Original,
No. 5784.

STATE EX REL

JOHN L. CHILDS, *Justice of the Peace*

*v.*

RONALD J. HAYWARD, *Notary Public.*

Argued June 4, 1968.
Decided November 26, 1968.

*George S. Pappagianis,* Attorney General and *G. Wells Anderson,* Assistant Attorney General ( *Mr. Anderson* orally ), for the petitioner.

*Laurence F. Gardner* ( by brief and orally ), for the respondent.

GRIMES, J.   On March 4, 1968 the police obtained a search warrant from justice of the peace Childs to search the premises of certain persons who are now under indictment for the possession of marijuana. Searches and seizures made the following day pursuant to these warrants produced evidence supporting the charges. At a probable cause hearing in the Littleton district court it was indicated that the State claimed that evidence in addition to that contained in the affidavits was presented to the magistrate. Those who are indicted contend that the evidence contained in the affidavits is insufficient to support the issuance of the warrants. They caused a subpoena to be issued to Childs to appear before the defendant Hayward on May 11, 1968 to give his deposition relative to what additional evidence, if any, was presented to him.

This petition for writ of prohibition to prevent the taking of Childs' deposition was filed on May 7, 1968. Childs appeared before defendant Hayward and on advice of an Assistant Attorney General refused to testify. On May 15 a motion to compel him to testify was filed in the Superior Court but action thereon was postponed pending a decision of this court on the pending petition for a writ of prohibition.

The State contends that a magistrate cannot be interrogated regarding the performance of his judicial functions, that the right of a defendant to take depositions in a criminal case is limited

by RSA 517:13 to witnesses who if present in court would testify in his defense, and that inquiry as to facts presented to the magistrate should be permitted only on special order of the Superior Court.

To justify a search pursuant to a warrant, the warrant must be valid. If the evidence contained in the affidavit and presented to the magistrate under oath is not sufficient to permit him to make an independent determination of probable cause, a warrant issued by him is invalid and a search pursuant to it violates the Fourth Amendment. *Aguilar* v. *Texas*, 378 U. S. 108.

Search warrants are usually issued *ex parte*, and ordinarily the only persons having knowledge of what evidence outside the affidavit was presented are the police and the magistrate. In the absence of a record, the magistrate may be the only independent source of such information and a defendant should not be prevented from obtaining testimony with respect thereto from this source.

We agree that no magistrate should be subjected to interrogation with respect to his mental processes or the reasons for his decision, nor should he be subjected to interrogation with respect to the evidence presented before him when there is an existing record thereof. This does not mean, however, that judicial officers, not presiding over courts of record, are exempt from giving testimony as to what evidence was presented before them, when no record of such evidence was made. See *White Mountain Freezer Co.* v. *Murphy*, 78 N. H. 398; *Hale* v. *Wyatt*, 78 N. H. 214; 8 Wigmore on Evidence ( McNaughton *rev.* 1961 ) *s.* 2372. Occasions when testimony of the magistrate is needed ought to be few. Whenever it has been necessary to disclose the identity of an informer not named in the affidavit in order that the magistrate may pass upon his credibility and reasons exist for not revealing his name to the defendant, disclosure is not required except on order of the court for good cause. *Roviaro* v. *United States*, 353 U. S. 53; *Rugendorf* v. *United States*, 376 U. S. 528; *Scher* v. *United States*, 305 U. S. 251; *McCray* v. *Illinois*, 386 U. S. 300. See *Gibbs* v. *Prior*, 107 N. H. 218. The Superior Court also has ample power to confine questioning only to what is necessary to establish the evidence presented under oath in addition to that contained in the affidavit.

We do not interpret RSA 517:13 as narrowly as the State and are of the opinion that depositions for discovery purposes are authorized by the statute. This position is supported by long standing practice which has been sanctioned in prior opinions of the court. *State* v. *Sargent,* 104 N. H. 211; *State ex rel Regan* v. *Superior Court,* 102 N. H. 224; *State* v. *Naud,* 73 N. H. 531 ( 1906 ).

*Petition denied.*

All concurred.