Strafford
No. 6805

CHARLES H. SYLVAIN, AP'T

v.

PRISCILLA S. HENDERSON, EXECUTRIX
OF THE WILL OF EUDORE J. SYLVAIN, AP'EE

January 31, 1976

Charles H. Sylvain, by brief, pro se.

*George Findell, Jr. and Richard P. Marsh (Mr. Marsh* by brief) for the defendant.

PER CURIAM. Appeal under RSA 567:1 (1974) by Charles H. Sylvain from the allowance of the will of his father, Eudore J. Sylvain, late of Rochester. The appeal was denied on March 24, 1973, after hearing before *Morris, J.* The plaintiff claims that the testator was of unsound mind and was subject to undue influence, and he also excepted to certain rulings of the court, as will hereinafter appear. Reserved and transferred by *Morris, J.*

The first question which we consider is whether the court erred in denying the plaintiff's motion to be "heard before a jury". RSA 567:11 (1974). We hold the court's denial was proper.

Our statutes do not provide a specific time limit within which such a motion must be made. Superior Court Rule 7, under the head of "Entry of Actions", provides in part that "[a] party desiring

a trial by jury shall, if plaintiff, so indicate upon the writ at the time of entry . . . . Failure to request a jury trial in accordance with this rule shall constitute a waiver thereof." RSA 491:App. R. 7 (Supp. 1975); *see* RSA 491:10. Probate appeals are entered upon the equity docket. Superior Court Rule 201, under the head of "Rules for Regulating the Practice in Equity", provides in part: "The foregoing rules with necessary changes shall also regulate the practice in equity so far as applicable . . . ." RSA 491:App. R. 201 (Supp. 1975).

The record discloses that the probate court allowed the will in solemn form on January 24, 1972, and the plaintiff's appeal from this order was taken on February 23, 1972, and entered in the superior court on April 5, 1972. Approximately fifteen months after the appeal was taken plaintiff's counsel on May 21, 1973, filed a motion in superior court requesting a jury trial. RSA 567:11 (1974). *See also* RSA 491:14. This motion was received by defendant's counsel on May 22, 1973, the morning of the day assigned for trial by the superior court, and was denied by the court on that date. The right to trial by jury in probate appeals is statutory rather than constitutional. *Gauthier v. Gosselin,* 94 N.H. 496, 56 A.2d 13 (1947). On the record before us, we cannot say that the superior court's denial of the motion was an abuse of its discretion.

The plaintiff also excepted to the allowance of the defendant's counsel's query on cross-examination as to whether the plaintiff had borrowed money from his father. The plaintiff contestant admitted that he borrowed money, "probably in the '50's", and that his father "sent" him money in 1969. The question was obviously relevant as bearing on the relationship which existed between the two and also to discredit the plaintiff's testimony. *Noel v. Lapointe,* 86 N.H. 162, 164 A. 769 (1933). It is well established that the matter of remoteness was for the trial court. *Manseau v. Railroad,* 96 N.H. 7, 12, 69 A.2d 613, 617 (1949).

The plaintiff finally argues that the evidence was insufficient to support the trial court's conclusion. The only witnesses to appear were the three witnesses to the will, the sister of the plaintiff, and the plaintiff himself. All except the plaintiff testified that the testator was of sound mind, competent to make a will, and that no undue influence appeared. It is elementary in such situations that the facts and conflicts in evidence were for the trial judge to resolve. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 417, 213 A.2d 692, 696 (1965); *Merchants Mut. Ins. Co. v. Simoneau,* 113 N.H.

604, 608, 312 A.2d 571, 573 (1973). An examination of the transcript and exhibits fully supports the trial court's conclusion.

*Appeal dismissed; judgment on the decree.*