Strafford
No. 7630

CHARLES H. SYLVAIN

v.

ESTATE OF EUDORE J. SYLVAIN

June 27, 1977

Charles H. Sylvain, by briefs, pro se.

*Findell Professional Association* by *Richard P. Marsh,* by brief for the defendant.

LAMPRON, J. Petition for a new trial under RSA 526:1. The matter was before this court on an appeal to the superior court by the plaintiff from the allowance by the probate court of the will of his father, Eudore J. Sylvain, who died on October 24, 1971. *Sylvain v. Henderson,* 116 N.H. 10, 354 A.2d 135 (1976). Plaintiff claimed therein that the testator was of unsound mind and subject to undue influence when he executed his will on February 6, 1968, at 80 years of age. The Trial Court (*Morris,* J.), after a hearing, denied plaintiff's appeal.

This court rejected plaintiff's argument on appeal that the evidence before the superior court was insufficient to support its conclusion. "The only witnesses to appear were the three witnesses to the will, the sister of the plaintiff [Priscilla Henderson, Executrix], and the plaintiff himself. All except the plaintiff testified that the testator was of sound mind, competent to make a will, and that no undue influence appeared. It is elementary in such a situation that the facts and conflicts in evidence were for the trial

court . . . An examination of the transcript and exhibits fully supports the trial court's conclusion."

As demonstrated in his briefs, the plaintiff, a layman, is unalterably convinced that his father was suffering from "arteriosclerotic hypertensive cardiovascular disease with cerebral arteriosclerotic disease and cerebral degenerative disease plus other serious ailments." This condition he maintains rendered his father mentally incompetent to execute a will. Plaintiff, therefore, characterizes the testimony of the witnesses to the will, based on their observation of the testator, as unreliable evidence of his state of mind, and that of his sister as lies "which dominated the truth."

Plaintiff's motion for a new trial was supported by an affidavit by plaintiff's wife who corroborated his conclusions as to the deceased's mental condition. There was also another affidavit by Mr. & Mrs. Forest Davis, neighbors of the decedent, who declared that the decedent was not feeding himself adequately, was unable to take care of himself and run the oil burner properly and "probably nearly killed himself." As the Davises were neighbors of the testator it can be assumed that they, along with plaintiff's wife, were available at the original hearing to testify as witnesses to these matters.

Plaintiff also bases his request for a new trial on the contents of a medical report dated October 12, 1971, completed at the time of the deceased's discharge from the hospital. It is mainly a review of the father's physical condition on admission and discharge. This report was in existence about one year and seven months before the original trial on May 22, 1973.

■■■■ Finally plaintiff gives as a reason for a new trial the exclusion at the original trial of his expert testimony as to the previously stated medical condition of his father. This testimony he maintains would have demonstrated the untruth of his sister's testimony. It is well settled law that the determination whether opinion testimony is to be helpful to the trier of facts and admitted is a matter within the discretion of the trial court. We find no grounds for a new trial on that basis. *Standard &c. Ins. Co. v. Gore,* 99 N.H. 277, 283, 109 A.2d 566, 571 (1954).

■■■ Plaintiff's reliance on *Rasquin v. Cohen,* 92 N.H. 440, 33 A.2d 404 (1943), is misplaced. The record does not support a finding or ruling that the testimony of plaintiff's sister, Priscilla Henderson, executrix of the deceased's will, was of such a dis-

honest nature as to strongly suggest an attempt to perpetrate a fraud on the trial court. *Barton v. Plaisted,* 109 N.H. 428, 432, 256 A.2d 642, 645 (1969).

We cannot say as a matter of law that the Trial Court (*Mullavey,* J.) could not properly find and rule that plaintiff failed to prove that "through accident, mistake or misfortune justice had not been done in the prior proceeding and [that] a further hearing would be equitable." RSA 526:1, *Tremblay v. Donnelly,* 103 N.H. 498, 503, 175 A.2d 391, 395 (1961); *Small v. Chronicle & Gazette Publishing Co.,* 96 N.H. 265, 74 A.2d 544 (1950). The trial court also properly denied plaintiff's motion seeking information after the decision as to the court's reasons and evidentiary basis for denying plaintiff's motion for a new trial. *See State ex rel. Childs v. Hayward,* 109 N.H. 228, 230, 248 A.2d 88, 90 (1968).

*Exceptions overruled.*

All concurred.