Strafford County Probate Court
No. 83-507

PETITION OF DIANA ATKINS & a.

May 28, 1985

*Russell F. Hilliard*, of Concord, by brief and orally, for the petitioners.

*McNeill & Taylor P.A.*, of Dover (*Malcolm R. McNeill* and

*Edwinna C. Vanderzanden* on the brief, and *Mr. McNeill* orally), for Mary McDonald, Executrix of the Estate of Ella A. Kelly, respondent.

KING, C.J. The petitioners request this court to determine whether the Strafford County Probate Court (*Cassavechia,* J.) properly denied their petition for a jury trial in superior court on certain issues involving the validity of a will, under RSA 567-A:10 (Supp. 1983). We affirm.

The petitioners, Diana Atkins, Judith Thibodeau, Harvey Kelly, III, and Grant Kelly, are the grandchildren and heirs at law of the decedent, Ella A. Kelly. Ella A. Kelly died on January 12, 1982, and a September 1, 1971, will bearing her signature and the signatures of three witnesses was offered for probate and proved in common form on March 21, 1982. The petitioners filed a Petition to Re-examine Probate of the will and requested that it be proved in solemn form. Mary R. McDonald, the executrix of the estate of Ella A. Kelly, was the principal beneficiary of the will offered for probate. The probate court directed the petitioners to petition for a jury trial and to frame the jury issues. On October 4, 1983, the probate court denied the petition for a jury trial. On November 28, 1983, after a hearing, the probate court also denied the motion for reconsideration and affirmed its original order. We have granted certiorari to consider the probate court's denial of the petition for a jury trial.

In their petition for a jury trial, the petitioners framed six issues: (1) the decedent lacked testamentary capacity; (2) the decedent lacked testamentary intent; (3) the decedent was under the supervision, control or undue influence of Mary R. McDonald; (4) the September 1, 1971, will was not the last will and testament of Ella A. Kelly; (5) the decedent attempted to revoke the September 1, 1971, will at a later date and was prevented by force and coercion from revoking it by Mary R. McDonald; and (6) the witnesses to the document were not credible in accordance with RSA 551:2.

At the hearing for reconsideration, counsel for the parties presented arguments to the probate court on the question of a jury trial. This court has not been provided with a transcript of that hearing, although the probate court's order following the hearing states that the court ruled "in view of further arguments submitted by counsel at hearing."

■■ The question before this court is whether the petitioners' request for a jury trial on the six issues framed should have been granted. We begin our analysis of the right to a jury trial in probate matters by noting that such a right is not constitutionally guaran-

teed, nor did it exist at common law. *See* N.H. CONST. pt. I, art. 20; *Gauthier v. Gosselin,* 94 N.H. 496, 56 A.2d 13 (1947); 3 BOWE AND PARKER: PAGE ON WILLS § 26.85 (1961); C. GARDNER, HANDBOOK OF THE LAW OF WILLS § 95 (2d ed. 1916).

■ Since the grant of a jury trial in probate matters is purely statutory, *see Sylvain v. Henderson,* 116 N.H. 10, 11, 354 A.2d 135, 136 (1976), the legislature may grant and limit the right as it sees fit.

> "Since there is no constitutional right to a jury trial [in probate appeals], the legislature may grant the right to trial by jury to the same extent as such right exists at common law; or it may grant it with restrictions, either as to the nature and extent of the right, or as to the circumstances under which it may be had, or it may make the verdict purely advisory, or it may not grant the right at all."

*James v. Staples,* 87 N.H. 49, 54, 174 A. 59, 62 (1934).

We must therefore rely upon the statutory language to determine the extent of the right to a jury trial on issues certified by the probate court. The statute in question, RSA 567-A:10 (Supp. 1983), reads in pertinent part:

> "Any interested person, in any proceeding before a probate court involving *material facts which are in dispute,* may petition the probate court to certify the issues of fact to the superior court for the same county for ascertainment by jury trial . . . . If the petition is made in a proceeding involving the validity of an instrument purporting to be a will in which *material facts are in dispute,* the court shall grant the petition . . . . The probate court, after due notice to all interested parties, shall promptly act upon the petition . . . . If such a petition is granted, the form of the jury issues shall be framed and settled in the probate court."

RSA 567-A:10 (Supp. 1983) (emphasis added).

■■ Accordingly, there must be *material facts in dispute* before a party is entitled to a jury trial to determine those facts. The statute, RSA 567-A:10 (Supp. 1983), does not elaborate on the method of determining whether material facts are disputed. Since that statute gives the probate court the power to frame and settle the form of the jury issues, and the jury's decision is merely advisory, RSA 567-A:11 (Supp. 1983), we read the statute to grant the probate court the power to determine whether there are material

facts in dispute, as well as the power to refuse to submit issues to the superior court when material facts are not disputed.

The probate court rules provide for a hearing on the petition for a jury trial prior to certifying issues of fact to the superior court. *See* PROB. CT. R. 34. The rules are silent, however, as to the method for determining whether issues of material fact exist and for framing the issues for trial. In the absence of specific statutory language or procedural rules we refer to the statutory purpose as well as to procedures used for determining whether issues of material facts exist in other contexts.

The purpose of RSA chapter 567-A was to streamline the probate appeal procedure and to conserve judicial resources. Senator Bossie said of the current version of the statute, when it was proposed, that "[i]t basically provides that appeals from probate courts would go directly to the Supreme Court. Under the present system, appeals from the probate court may be tried de novo in a superior court, which frankly is a grand waste of time, money and effort." N.H.S. JOUR. 610 (1975). In *recommending the proposed statute, the Judi-*cial Council stated that:

> "[t]here is no sound reason, in our opinion, why the Probate Court should not be empowered to decide and rule on factual issues before it . . . . We are of the opinion that the passage of this legislation would greatly improve the administration of justice in this jurisdiction and would greatly facilitate and expedite the settlement of all matters coming within the scope of the Probate Court jurisdiction. It would relieve the congested case load in the Superior Court."

THE FIFTEENTH BIENNIAL REPORT OF THE JUDICIAL COUNCIL OF THE STATE OF NEW HAMPSHIRE, at 21–22 (1974).

The statute was therefore an attempt to shift greater fact-finding responsibility to the probate courts and to eliminate a second trial in the superior courts. The only superior court involvement would arise out of a dispute over material facts, if the parties petitioned for a jury trial on those facts. "Under [RSA 567-A:10 (Supp. 1983)], factual disputes are decided by either the superior court or the probate court, but not by both. The new law thus does not bar an aggrieved party from seeking a jury trial, but rather promotes a more efficient appellate procedure." *Gray v. Gray*, 117 N.H. 826, 829, 379 A.2d 442, 445 (1977). An initial determination by the probate court of whether factual issues exist appears to be in keeping with the purposes of RSA chapter 567-A. Having found that the probate court acted within the statute when it made a determination that material

facts were not in dispute, we must examine the appropriate standard to be applied by probate courts in making such rulings.

The Massachusetts probate courts, pursuant to a Massachusetts statute similar to RSA chapter 567-A, have developed a standard resembling the summary judgment standard for determining whether to frame factual issues for an advisory jury trial. In *Seiferth v. Hay*, 225 N.E.2d 350, 351 (Mass. 1967), the Supreme Judicial Court of Massachusetts affirmed the probate court's denial of proposed jury issues stating that "there must be a genuine and doubtful question of fact supported by evidence of such substantial nature as to afford reasonable expectation of a result favorable to the moving party." *Id.* at 351. *See also Markus v. Gross*, 296 N.E.2d 505 (Mass. App. 1973) (a showing of the opportunity for undue influence without further evidence "is not enough to warrant the framing of a jury issue on that question."); *Love v. Love*, 370 N.E.2d 445 (Mass. App. 1977). The requirement of some evidentiary showing of a factual dispute is likewise reasonable in implementing our probate appeal statute. RSA 567-A:10 (Supp. 1983).

Whether a "genuine issue as to any material fact" exists is a question often raised in New Hampshire in the context of a request for a summary judgment. *See* RSA 491:8-a. The summary judgment procedure for determining issues of fact was developed in order to conserve time and judicial resources. *See Lourie v. Keene State College*, 121 N.H. 233, 235, 428 A.2d 902, 903 (1981). RSA chapter 567-A was also enacted to conserve judicial resources, and we find the approach applied by courts in ruling on summary judgment motions instructive in the probate context.

The New Hampshire procedure for ruling on a motion for summary judgment is set out in detail by statute, RSA 491:8-a, III:

> "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The use of a summary judgment procedure to determine whether material facts are disputed under RSA 567-A:10 (Supp. 1983) is appropriate.

Our case law interpreting an earlier version of RSA chapter 567-A affirms the use of a summary judgment standard by the probate courts for determining whether material facts are disputed. In *Lane v. Hill*, 68 N.H. 275, 44 A. 393 (1895), this court upheld a probate

court procedure for determining the existence of disputed material facts which was similar to the summary judgment procedure. One of the issues framed for a jury trial in *Lane* was whether the will was the last will of the decedent. Although the *Lane* decision was made under a predecessor statute, P.S., c. 200, s. 11, the operative language was similar to the current statute concerning disputed material facts. This court rejected the issue submitted in *Lane* because the parties had not alleged any facts which were either material or disputed.

> "The . . . issue in this case is objectionable in that it does not clearly submit some particular question of fact to the jury. The judgment to be rendered is whether the instrument propounded is or is not the last will and testament of the deceased. The issue framed in this case apparently submits the whole question to the jury, whereas the issue should require the determination of some fact, the existence or non-existence of which is material upon the legal question whether the disputed paper is or is not the last will of the deceased."

*Lane v. Hill*, 68 N.H. at 278, 44 A. at 345.

We defined "material facts" for purposes of probate procedure in *Lane* as "facts from which if established it would follow as [a] matter of law that the instrument is not the testator's last will . . . ." *Id.* Thus, we held that the facts supporting the will contestant's claim had to be submitted before an issue could go to the jury.

The probate court in this case found that there were no material facts in dispute and stated:

> "The issues as proposed for framing by the contestants are not factual in nature but may be characterized as conclusions of law phrased in the interrogative. In essence, they are exploratory and not accusatory or assertive. Even if they need not be, at the very least, a factual showing must be presented through the submission of affidavits or otherwise which would allow this court to find that material facts are disputed. Neither upon the original hearing nor upon motion for reconsideration, have the contestants offered or argued in any fashion that specific material facts are disputed."

The standard employed by the probate court is consistent with our prior case law and with the statutory language and purpose of RSA 567-A:10 (Supp. 1983). Applying the standard to the record before us, we agree with the court below that the allegations

made by the petitioners are conclusory and do not state any facts which, if determined favorably to the petitioners, would permit a fact-finder to reach the conclusions asserted.

*Affirmed.*

DOUGLAS, J., did not sit; the others concurred.