**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0500, <u>Foy Insurance Group, Inc. v. 101 Ocean Blvd., LLC</u>, the court on June 17, 2022, issued the following order:**

Having considered the brief and reply brief filed by the plaintiff, Foy Insurance Group, Inc. (Foy), the memorandum of law filed by the defendant, 101 Ocean Blvd., LLC (Ocean), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Foy appeals an order of the Superior Court (<u>Messer</u>, J.) denying Foy's petition for a new trial. We affirm.

The relevant facts follow. In November 2018, the Superior Court (<u>Brown</u>, J.) held a jury trial on Ocean's claim that, because of the parties' special relationship, Foy "had a duty to inform Ocean that it lacked sufficient law and ordinance coverage" to rebuild its hotel to code after a 2015 fire, and that Foy negligently failed to so inform Ocean. <u>101 Ocean Blvd., LLC v. Foy Ins. Grp., Inc.</u>, 174 N.H. 130, 135 (2021). The jury found in favor of Ocean, and Foy appealed the verdict. <u>See</u> <u>id</u>. at 133.

One of the issues on appeal concerned the admissibility of "Exhibit 27." <u>Id</u>. at 136. Exhibit 27 is a "commercial lines checklist" that was used by a different insurance agency, the Cross Agency, with a different insured, Cronin, Bisson & Zalinsky, PC (the law firm representing Ocean). Exhibit 27 listed several types of insurance coverage and, for two types of coverage, "increased cost of construction" and "building ordinance or law," the phrase "Higher limits available" appeared in the comments section. (Capitalization omitted.)

At trial, Ocean used Exhibit 27 to cross-examine Foy's expert. <u>Id</u>. Ocean did not use Exhibit 27 to examine its own expert witness. <u>Id</u>. Foy's expert testified that the checklist was a mechanism to discuss available coverage with an insured, but was not "a good way to go about examining specific coverages." <u>Id</u>. (quotations omitted). The expert testified that he did not use a similar checklist and that the applicable standard of care did not require insurance agents to maintain such a checklist. <u>Id</u>. Ocean also used Exhibit 27 to question one of Foy's owners, who testified that he does not use a similar form. <u>Id</u>.

Exhibit 27 was admitted as a full exhibit over Foy's objection. <u>Id</u>. On appeal, Foy argued that Exhibit 27 was improperly admitted because it was "irrelevant, improper hearsay, and highly prejudicial." <u>Id</u>. (quotation omitted).

We were unpersuaded that the trial court had unsustainably exercised its discretion by admitting the exhibit.  Id.

After trial, Foy learned that Exhibit 27 may have been incomplete.  Foy was allowed to conduct limited post-trial discovery on that issue, and Foy learned that the checklist as originally mailed to Ocean's attorney had a third page that had not been part of Exhibit 27.  The third page contained the following disclaimer:

> THIS COVERAGE CHECKLIST DOES NOT LIST ALL POSSIBLE COVERAGE THAT IS OR MAY BE AVAILABLE.  IF YOU HAVE ANY QUESTIONS OR CONCERNS THEY SHOULD BE DIRECTED TO OUR AGENCY.
>
> **Building limits are estimates only and were arrived at based on information provided by the policyholder . . . . The actual cost to rebuild the structure may exceed the building limit, especially in circumstances where a catastrophic event has disrupted the normal supply of materials, labor, and resources.  The agency makes no assurances or guarantees that the building limits provided will be adequate to rebuild the structure.  If there is doubt about the adequacy of building limits, the policyholder should obtain a professional appraiser or obtain the services of a qualified company or builder who is able to provide replacement cost estimates.

Following its discovery of the third page, Foy filed the instant petition for a new trial pursuant to RSA 526:1.  See RSA 526:1 (2021).  In its petition, Foy alleged that the missing third page demonstrated that Exhibit 27 should have been excluded at trial as irrelevant and prejudicial.  Alternatively, Foy averred that even if Exhibit 27 with the missing third page were admissible, a new trial was warranted because: (1) Foy was not at fault for failing to discover the third page earlier: (2) the third page is relevant, admissible, and material to the merits of the parties' dispute, and was not cumulative; (3) if the third page were admitted, a different result in the trial is probable; and (4) the third page demonstrates that Exhibit 27 was false and misleading.

Ocean moved to dismiss Foy's petition for a new trial, arguing that it used Exhibit 27 at trial "only [as] any example of how an agent could have used a form to discuss coverage with a potential client" and thus had no relevance to the main issue at trial, which was whether the parties had a special relationship.  Ocean observed that Foy's own expert testified that "if the jury concluded" that the parties had a special relationship, "then [Foy] would have breached the standard of care."  (Quotation omitted).

2

The trial court granted Ocean's motion to dismiss, finding that, as used at trial, "it was clear that the checklist was not created in connection with . . . Ocean's policy and was not intended to establish the availability of any type of coverage at issue in the case. Rather, Attorney Cronin's questions indicate that he was proposing it as a mechanism to discuss available coverage with an insured." The court noted that Foy's expert "clearly testified that neither he nor his agents universally use checklists, that the use of such checklists was not a requirement of the standard of care, and that the use of Exhibit 27 would not be a good method of examining specific coverages."

The court reasoned that "[b]ecause Exhibit 27 had no direct connection to the policy issued by Foy to . . . Ocean and was not used as a substantive exhibit to demonstrate the availability of coverage under . . . Ocean's policy, any disclaimers about the accuracy of the information contained on Exhibit 27 [are] immaterial." The court observed that, even without the third page, Exhibit 27 included a disclaimer on its first page that provided: "This checklist is designed to give you an overview of the current coverages carried along with recommended coverages. Refer to your actual policies for details on coverages and conditions." The court concluded that given that there was no evidence that Exhibit 27 represented the standard of care applicable to insurance agents and had no connection to the parties or policy at issue, the fact that Exhibit 27 was missing its third page "could not have misled the jury." The court determined that, because the third page is not material to the merits of the parties' dispute, Foy was not entitled to a new trial. Foy filed a motion for reconsideration, which the trial court denied. This appeal followed.

We first discuss our standard of review. The parties urge us to apply our usual standard for reviewing a trial court grant of a motion to dismiss. Under that standard, we assume that the facts alleged in the petition are true and construe all reasonable inferences in the light most favorable to the plaintiff. See Automated Transactions, LLC v. Am. Bankers Ass'n, 172 N.H. 528, 532 (2019). We need not assume the truth of statements that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id. However, the trial court in this case did not merely assume the truth of the facts Foy alleged in its petition. Rather, the court tested the alleged facts against the transcripts of the parties' prior trial. Under these circumstances, we treat the trial court's order as an order on the merits of Foy's petition for a new trial and review it accordingly.

RSA 526:1 provides: "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." "Whether accident, mistake, or misfortune occurred is determined by the trier of fact, and its finding will be conclusive unless it is unsupported by the evidence." In the Matter of

3

Birmingham & Birmingham, 154 N.H. 51, 56 (2006). We will not disturb the trial court's ruling absent an unsustainable exercise of discretion. Id.

Before addressing Foy's appellate arguments, we note that, as Ocean aptly observes, although the trial court relied upon the transcripts from the parties' jury trial, Foy did not include them in the record submitted on appeal. Accordingly, as Ocean contends, we presume that those transcripts support the trial court's factual findings regarding what occurred at trial. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

On appeal, Foy first argues that a new trial is warranted because Exhibit 27 "should have been excluded as irrelevant and prejudicial." We rejected Foy's identical argument in the earlier appeal, see 101 Ocean Blvd., LLC, 174 N.H. at 136, and have no grounds to reconsider that decision in this appeal.

Foy next contends that it is entitled to a new trial because Foy has met our established test for a new trial based upon newly-discovered evidence. Newly-discovered evidence may justify the granting of a new trial under RSA 526:1. State v. Etienne, 163 N.H. 57, 96 (2011). To obtain a new trial based upon newly-discovered evidence, the moving party generally must establish that: (1) the moving party was not at fault for not discovering the evidence at the prior trial; (2) the evidence is admissible, material to the merits of the case, and not cumulative; and (3) the evidence is of such a character that a different result will probably be reached upon a new trial. Id.; Rautenberg v. Munnis, 109 N.H. 25, 26 (1968).

We have recognized a "single exception" to the requirement that the moving party establish the likelihood of a different result. Barton v. Plaisted, 109 N.H. 428, 432 (1969). Under this exception, when a party testifies falsely and the false testimony was dishonest and concerned a material issue, "the verdict will be set aside even if it is not found that a new trial will probably produce a different result." Rasquin v. Cohen, 92 N.H. 440, 442 (1943). In order for this exception to apply, the testimony must be "of such a dishonest nature as to strongly suggest an attempt to perpetrate a fraud on the trial court." Sylvain v. Estate of Sylvain, 117 N.H. 546, 548-49 (1977). The exception applies only to the testimony of a party in the case. Cormier v. Stevens, 107 N.H. 66, 68 (1966); see Barton, 109 N.H. at 432-33 (declining to apply the exception to the testimony of an expert witness).

"Whether newly discovered evidence requires a new trial is a question of fact for the trial court." State v. Breest, 169 N.H. 640, 653 (2017) (quotation omitted). "We will sustain the trial court's decision unless its conclusion is clearly unreasonable." Id. (quotation omitted); see Rautenberg, 109 N.H. at 26 ("The issue presented by [a] motion [for a new trial based upon newly-discovered evidence] is one of fact for the Trial Court, and its decision is binding in this court unless it can be said to conclusively appear that a

4

different result is probable, so that the Trial Court's conclusion is clearly unreasonable.").

We cannot conclude that the trial court's denial of Foy's petition for a new trial based upon its post-trial discovery of the missing third page was "clearly unreasonable." Rautenberg, 109 N.H. at 26. As the trial court intimated, the disclaimer on the missing third page is cumulative of the disclaimer on the first page of Exhibit 27. The missing third page informs an insured that the checklist does not list all possible coverage that could be available. The disclaimer on the first page of Exhibit 27 similarly warns an insured that the checklist provides only an overview of the insured's current and recommended coverages.

In addition, as the trial court found, the missing third page does not contain information material to the issues at trial. As the trial court found, "it was never established that such a checklist was used or should have been used in Foy's relationship with . . . Ocean." Indeed, the only evidence before the jury was that the checklist did not establish the requisite standard of care. And, Ocean "did not attempt to use [the checklist] to establish the availability of coverage under the policy issued by Foy. Rather, trial counsel presented the [checklist] as a possible mechanism to discuss available coverage with an insured." Although Exhibit 27 refers to "building ordinance or law" coverage, the missing disclaimer adds nothing to the triable issues in the case. Under these circumstances, we cannot find that the trial court's decision to deny Foy's petition for a new trial was "clearly unreasonable." Id.

Foy next contends that the trial court erred when it ruled that Foy was not entitled to a new trial even if it assumed that Ocean's trial counsel acted with "nefarious intent" by omitting the third page of Exhibit 27. We find no error. At most, counsel's supposed "nefarious intent" would relieve Foy of the obligation to prove that, if the case were retried with the newly-discovered evidence, the jury would probably reach a different result; it would not relieve Foy from the requirement of establishing that the missing third page was admissible, material to the merits of the case, and was not cumulative. Rautenberg, 109 N.H. at 26. For all of the above reasons, we uphold the trial court's denial of Foy's petition for a new trial.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

5