### WENTWORTH, AP'T. *v.* TREANOR & *a.*, AP'EES.

Under § 1, ch. 170, Rev. Stat., an appeal may be taken from any decree made by a judge of probate, in the course of the settlement of an estate, which is conclusive upon the interests of the parties.

Where a petition was presented to a judge of probate, for the reëxamination of the probate of a will, upon the ground that the petitioners were out of the United States when the will was proved, as provided by § 9, ch. 157, Rev. Stat., and after notice and hearing, the judge made a decree that the probate of the will should be reëxamined—*held*, that an appeal might be taken from the decree, and that it would be entertained by the superior court; *held, also*, that a notice made to dismiss the appeal, on the ground that it was merely interlocutory, should be denied.

MOTION to dismiss an appeal taken from a decree of the judge of probate, made on the 30th day of September, 1854.

On the 7th of March, 1854, Bernard Treanor and others presented a petition to the judge of probate, setting forth, in substance, that they were residents of Edinmore, in the county of Monaghan, in Ireland, and were the brothers and sisters and heirs-at-law of Richard P. Treanor, late of Lancaster, in the county of Coos, deceased. That Richard died at Lancaster, on or about the 13th day of October, 1843, having while he lived, and at the time of his death, personal estate in the county of Coos. That at a probate court holden on the 25th day of October, 1843, an instrument purporting to be the last will and testament of Richard P. Treanor, was presented for probate, by William G. Wentworth, named in the instrument as the executor thereof, and that the same was allowed and approved in common form, and without notice. That the decree allowing the instrument as the last will and testament remains unappealed from, and that the petitioners have always resided in Ireland, and have never been nor resided in the United States.

The petitioners further represent that the instrument ought not to have been allowed and approved as the last will and testament of Richard P. Treanor, he being, at the time of the execution of the same, in such a state of mind

as to be incapable of making or executing a valid will; and further, that he was indirectly influenced by Wentworth in making the same.

The petitioners prayed that the probate of the instrument might be examined, and that the same might be proved in solemn form before the court, and that the former probate thereof might be decreed void, or affirmed, agreeable to the statute in such cases provided.

This petition was signed by the several petitioners, four in number, by Wm. Haywood, jr., their attorney.

On the 30th day of September, 1854, the following decree was passed by the judge of probate, on said petition:

" At a court of probate holden at Lancaster, in said county, on the 30th day of September, A. D. 1854, notice having been given pursuant to order, that a hearing would be had on the foregoing petition, at this time and place, and now the parties interested appearing and being fully heard: It is decreed that the probate of the will of the said Richard P. Treanor be examined, and that a citation issue for proving said will in solemn form, at a court of probate to be holden for the purpose at Lancaster, in said county, on the 26th day of October next, at ten o'clock A. M. And it is ordered that the said executor summon the several subscribing witnesses to said will, to appear at said time and place, to testify what they know in relation to the execution thereof."

From this decree, William G. Wentworth, the executor, on the 18th day of October, 1854, appealed; and set forth and assigned his reasons for the appeal, as follows:

" I. Because the facts requisite to be shown, in order to the rendering of the aforesaid decree and order, have not been shown, and in the behalf of the executor aforesaid, do not exist, and cannot be proved:

" 1st. That any such persons exist as are represented as petitioning for the said reëxamination of the will aforesaid,

called Bernard Treanor, James Meghon, and Catherine his wife, and Mary Malone;

" 2d. That the said Bernard, Catherine and Mary, persons purporting to petition, are heirs-at-law of Richard P. Treanor;

" 3d. That the said persons purporting to petition, have ever properly, legally and suitably authorized the aforesaid petition and application to be made to this court, by William Haywood, jr., as their attorney.

" II. Because, even if it was the fact, and could be shown, that the said persons purporting to petition as aforesaid, really existed, and are heirs-at-law of the said Richard P. Treanor, yet, even allowing this to be so, they are not entitled to have the probate of the aforesaid will reëxamined, and the same proved in solemn form, because,

" 1st. They have not applied or petitioned for that purpose, within one year of the probate of said will in common form;

" 2d. They, or either of them, are not, for aught that appears, or is known to the said executor, minors, insane persons, married women, or persons out of the United States, or their legal representatives;

" 3d. Even if they, or any of them, are within the above exceptions or disabilities, they, or any of them, have not applied or petitioned for the reëxamination of said will, within one year after the removal of the said disability;

" 4th. Such disability, if any existed, has not been yet removed.

" III. Because no person interested has applied or petitioned for a reëxamination of the said will, by a petition or application signed by himself or herself, or personally asked or claimed such reëxamination."

Upon this appeal being taken, and the papers returned, and the appeal entered in this court, a motion was made that the same be dismissed.

*Haywood,* for the heirs, contended that the decree of the judge of probate, from which the appeal was taken, was interlocutory in its nature, and one from which an appeal could not be taken under the statute; and he cited Rev. Stat., ch. 170, § 1.

*J. W. & G. C. Williams,* for the appellants.

The section of the statute cited by the counsel upon the other side, gives us this appeal. The construction which he puts upon it is too limited. We contend that under this statute we had the right to take the appeal.

EASTMAN, J. Both parties rely upon the same statute as sustaining them in their views of the question presented. The section is as follows : " Any person aggrieved by any decree, order, appointment, grant or denial of any judge of probate, which may conclude his interest, and which is not strictly interlocutory, may appeal therefrom to the superior court of judicature, next to be holden in the county." Rev. Stat., ch. 170, § 1.

Was this decree, in the words of the statute, " strictly interlocutory," from which an appeal could not properly be taken, or was it, on the contrary, one of those matters which, in contemplation of the statute, may be examined by this court on appeal?

At common law, all the various decisions of the court from the commencement of the suit till the final judgment, have usually been termed interlocutory. In chancery, also, all the decrees that precede the final one, are generally spoken of in the books in the same way. And likewise in the ecclesiastical courts, " interlocutory decrees" and " final sentences," are expressions used as having a somewhat similar meaning. But it is quite evident that the many decrees and orders that are made by a judge of probate, in the settlement of estates, prior to the final decree of distribution, although in general phrase they may be termed interlocuto-

ry, are yet not of that " strictly interlocutory" character spoken of in the statute, that can preclude an appeal. Whenever any decree, order, appointment, grant or denial is made by any judge of probate, which concludes the interest of a party, or which may be final upon that question, and is matter of record, the statute gives an appeal. The decree of distribution or division of an estate, which is usually the last one made, may not prove to be such. The bonds that have been given may require to be prosecuted for the benefit of the heirs or creditors, and decrees may have to be made in regard to them.

The giving of many notices in the process of settling an estate, decisions and rulings made by the judge of probate in hearings before him, which do not go upon the records, and orders of a similar character, where no decree is entered and no record of the decision made, may well enough be regarded as interlocutory matters, within the meaning of the statute. Although they may lead to decrees, yet they conclude the interests of no one until a formal decree is made and entered upon the record. And whenever an appointment of an executor, administrator or guardian is made, or a will proved and allowed; whenever license to sell property is given ; when an account is settled or property ordered to be divided, as well as in many other matters that might be enumerated, where decrees are made, which, in their nature, are final upon those questions, and which conclude the interests of the parties to that extent, an appeal may be taken. All these orders and decrees terminate the matter to that extent, and so far conclude the interests of the parties. They are final decisions upon those questions, and cannot be again opened for examination, unless by appeal. The several steps taken in arriving at these decrees and orders, or appointments, may be strictly interlocutory, but each decree or order which determines and settles the matter in controversy, is to that extent conclusive, unless an appeal be taken.

In this case, the will of Richard P. Treanor had been proved and allowed in common form, without notice, and the decree approving the same, which was made on the 25th day of October, 1843, was unappealed from. By this will, William G. Wentworth was appointed executor, and had likewise a legacy given him.

On the 7th day of March, 1854, more than ten years after the will had been proved, the petition for a reëxamination of the probate of the will was presented, purporting to be signed by the heirs of the testator, by their attorney; and, on the 30th day of September following, after notice given and hearing had, a decree was passed, that the probate of the will should be reëxamined. From this decree an appeal was taken, which it is now moved may be dismissed.

If the probate of a will is not contested, the judge of probate may allow and approve the same, in common form, upon the testimony of one of the subscribing witnesses thereto. But any party interested is entitled to have the probate of a will which has been proved without notice, reexamined, and the will proved in solemn form, before the court of probate, at any time within one year of such probate, if no appeal from the probate has been prosecuted before the superior court. These provisions may be found in the 6th and 7th sections of chapter 157 of the Revised Statutes. Section 9 of the same chapter is as follows: " Any minor, insane person, married woman, or person out of the United States, or their legal representatives, shall be entitled to have the probate of any will, proved without notice, reëxamined at any time within one year after the removal of the disability."

It is upon this 9th section, and upon that particular clause of it making provisions in favor of persons out of the United States, that the petitioners found their right to have the probate of this will reëxamined. They do not come in under the general provisions giving the right of re-examination within one year after probate in common form, but upon

this 9th section, which, they allege, has saved their rights for the ten years. It becomes, then, a question of importance to all interested in the estate, whether the petitioners are persons entitled to the saving benefits of the statute, and whether they are regularly in the probate court. And the executor has the right to have that question determined before the probate of the will shall be reëxamined. If the petitioners do not make it appear that they have the right to a reëxamination of the probate of the will, then a reexamination should not be had. Their right to have a reamination made should first be settled, before the reëxamination takes place. Such was the opinion of the judge of probate, and he accordingly heard that question on notice to the parties, and passed his decree upon it. Was that decree " strictly interlocutory ?" Or was it one involving important questions and settling important rights, and conclusive of the interests of the parties, as provided by the 9th section ? We think the latter. This estate was probably settled in regular course, and under the ordinary provisions of the statute, several years since. These petitioners claim the right to reëxamine that settlement under the special provisions of the statute ; and that is a question to be determined, and upon which a decree is to be passed, before the reëxamination can properly be had. It is a distinct and definite question, arising upon a particular statute, and a very important question to these parties. It may affect their interests, so far as this estate is concerned, vitally. If the decree had been that the petitioners have not the right to a reëxamination, and the petition had accordingly been denied, we should undoubtedly hold that an appeal could be taken from such a decree. If they could have no appeal, the decree would be final and conclusive, and their rights would be entirely cut off. It would seem manifest that such a decree would not be interlocutory as to them. And can the decision of a question be interlocutory as to one party, and not so as to the other ? Can one decree be made upon precisely

the same question and upon the same identical point, which is not interlocutory, and another which is? Can the decision of the court to *receive* a petition be interlocutory, while its decision to *reject* the same petition is not so?

We have formed no opinion whatever as to the merits of this petition, nor have we considered the questions stated in the reasons for appeal, any further than to see that the question of the right of the petitioners to have this will reëxamined is an important one, both to them and to those who may take under the will; and we are of opinion that a decree upon this petition is not one of those " strictly interlocutory " matters contemplated by the statute, from which an appeal does not lie ; but that a decree being passed upon it, either for or against the petitioners, an appeal may well be taken, and, consequently, the motion to dismiss this appeal must be denied.