Rockingham
Rockingham County Probate Court
No. 99-706

## IN RE ESTATE OF MARY L. HEALD

December 11, 2001

*Tony F. Soltani,* of Epsom, by brief and orally, for the petitioner.

*Joseph J. Tropiano,* of Derry, by brief and orally, for the respondent.

DUGGAN, J. The petitioner, Joseph Heald, was the executor and co-beneficiary of an estate. His appeal raises two issues: (1) whether the Rockingham County Probate Court (*O'Neill,* J.) erred by removing him as executor; and (2) whether the Superior Court (*Abramson,* J.) erred in

ruling that he had no constitutional or statutory right to a jury trial on his challenge to the probate court's order requiring him to reimburse the estate. We dismiss the appeal from the probate court, and otherwise affirm.

The facts are as follows. The petitioner and his sister were co-beneficiaries of the estate of Mary Heald. The petitioner was appointed the estate's executor. On April 10, 1997, the probate court held a hearing and removed him as executor. The probate court found that the petitioner had: (1) transferred estate assets without the consent of his co-beneficiary and without an appraisal; (2) planned to auction all property of the estate absent any resolution of the issues between the co-beneficiaries; (3) possibly incurred unnecessary attorney's fees for the estate in an effort to purchase certain real property from the co-owner; and (4) expended unnecessary estate funds for upkeep of property that was no longer part of the estate. Accordingly, the probate court appointed the respondent, Joseph J. Tropiano, as special administrator.

At subsequent hearings, the probate court assessed the petitioner $4000.00 for attorney Tropiano's fee and a net amount of $4990.51 for selling estate assets at less than fair market value and for expenditures for real property made by the petitioner from estate funds.

The petitioner appealed to superior court, arguing that both constitutionally and statutorily he had a right to a jury trial. The superior court concluded that the probate court's jurisdiction existed at common law prior to the adoption of the New Hampshire Constitution without a right to a jury, and that the constitution does not guarantee a jury trial in cases where that right was not granted before its adoption. The superior court also concluded that "there [was] no right to a jury trial under any . . . New Hampshire statute with respect to the issues pled." The superior court thus ruled that Heald failed to state a cause of action and granted the special administrator's motion to dismiss. The petitioner appealed.

■ With respect to the petitioner's removal, the special administrator argues that the appeal is untimely. On April 10, 1997, the probate court removed the petitioner as executor. His removal "terminate[d] the matter to that extent, and so far conclude[d] the interests of the parties. They are final decisions upon those questions, and cannot be again opened for examination, unless by appeal." *Wentworth v. Treanor*, 31 N.H. 528, 532 (1855); *see also* RSA 567-A:1 (1997). The order was thus a "decision on the merits." *See* SUP. CT. R. 3; *cf. In re Estate of Crowley*, 129 N.H. 557 (1987) (appeal from probate court order removing executor). Therefore, the petitioner was required to appeal the probate court's order to this court within thirty days from the date on the register's written notice. *See* SUP.

CT. R. 7(1). The appeal, filed more than two years after this decision, is untimely and is therefore dismissed.

The second issue is whether the petitioner has a constitutional right to a jury trial in superior court. The petitioner argues that while this case originally was to administer a decedent's estate, it subsequently included assessing damages against him for a breach of duty. Because the monetary damages exceeded $1,500, he argues that Part I, Article 20 of the New Hampshire Constitution guarantees him a jury trial. We disagree.

■ The scope of the probate court's jurisdiction is critical in addressing whether the petitioner has a constitutional right to a jury trial. RSA 547:11-d (1997). RSA 554:14 (1976) provides the probate court with authority to determine whether an executor owes a debt to the estate and the extent thereof. *See In re Estate of Ward*, 129 N.H. 4 (1986). In *In re Estate of Ward*, we ruled that funds misappropriated by the executor due to the estate are debts and "that the probate court's assertion of jurisdiction over [them] was proper under RSA 554:14." *Id.* at 8-9. Accordingly, under the specific facts of this case, the petitioner's actions fell within the probate court's jurisdiction.

■ Probate jurisdiction, without the right to a jury trial, existed at common law prior to the adoption of the constitution, and therefore no such right has been created by the constitution. The right to request a jury trial in probate matters is purely statutory and may be granted or limited as the legislature sees fit. *Petition of Atkins*, 126 N.H. 577, 578-79 (1985). The legislature has granted no such right to a jury trial in probate court. Although the probate court's assessment of damages exceeded $1,500, those damages were for the petitioner's breach of fiduciary duty as executor. The breach of fiduciary duty generated losses to the estate that were assessed as debts against the petitioner. Thus, the petitioner has no right to a jury trial under the New Hampshire Constitution.

The petitioner's argument that he has a statutory right to a jury trial focuses on RSA 547:11-d (1997), which provides, in pertinent part: "In cases where a right to a jury trial is guaranteed by the constitution or granted by statute, a person may, at the time judgment by the probate

court is declared, appeal therefrom to the superior court." Because we have found that in this case there is no constitutional right to a jury trial, RSA 547:11-d is inapplicable.

*Dismissed in part; affirmed in part.*

NADEAU and DALIANIS, JJ., concurred.