Cheshire County Probate Court
No. 2003-533

JAMES D. PEDERSEN

v.

MARCIA A. BROOK

Argued: February 11, 2004
Opinion Issued: May 17, 2004

*Theodore H. Parent, P.C.*, of Keene (*Theodore H. Parent* on the brief and orally), and *Elizabeth Cazden*, of Manchester, on the brief, for the plaintiff.

*Lane & Bentley, P.C.*, of Keene (*Michael P. Bentley* on the brief and orally), for the defendant.

NADEAU, J. In this action for partition pursuant to RSA chapter 547, the defendant, Marcia A. Brook, appeals an order of the Cheshire County Probate Court (*Weeks*, J.) declaring the plaintiff, James D. Pedersen, to be the sole owner of the subject property in fee simple, and awarding a sum of money to Brook for her interest in the property. We vacate and remand.

The record supports the following facts. The parties met in 1997 and entered into a romantic relationship. Later that year, Brook moved to New Jersey to live with Pedersen. In November or December of 1998, the parties jointly signed a purchase and sale agreement on improved property in Alstead. The purchase price was $62,000. The property was subsequently conveyed solely to Pedersen by warranty deed dated January 25, 1999. Although it is unclear from the record whether they both

contributed to the $1,000 deposit, the parties agree that Pedersen paid the first $30,000 toward the purchase price, and later paid the remaining balance of $31,000 with proceeds from the sale of another solely-owned property.

Following the closing, Pedersen and Brook lived together on the Alstead property. During that time, Pedersen paid all of the real estate taxes and homeowners' insurance premiums. He also paid for improvements to the property, which increased its value. Based upon her relatively small income, Brook's contributions to the household were limited to sharing utility costs by paying electrical and telephone bills. She also paid for garden tools and landscaping materials. Both parties spent time clearing the land, landscaping, gardening, planting trees and generally improving the outside of the property.

On or about July 21, 2001, Pedersen executed a warranty deed conveying the subject property to himself and Brook as joint tenants with rights of survivorship. Both the warranty deed and the real estate transfer tax declaration of consideration indicated that the transfer was a "gift." During the same period of time, the parties' relationship was deteriorating. Shortly after the conveyance, Brook moved into a separate residence on the property with another man. Pedersen filed the petition to partition on November 16, 2001, after Brook left the property and moved to Arizona.

Following a one-day bench trial, the court granted Pedersen's petition to partition the property. The court awarded Brook the sum of $4,000 for her "sweat equity" in the property. Upon payment of that sum, Pedersen would be decreed to be the owner of the property in fee simple, free and clear of any claim of Brook, or anyone claiming under or through her. In connection with its order, the court ruled that it did not have authority to rule on the "efficacy and legal import" of the deed conveying the property to the parties as joint tenants. The court further ruled that the doctrine of "estoppel by deed" did not apply to this partition action based upon the provisions of the applicable statute. *See* RSA 547-C:29 (Supp. 2003).

We will not disturb the findings of the trial court unless they are unsupported by the evidence or are erroneous as a matter of law. *Olbres v. Hampton Coop. Bank*, 142 N.H. 227, 230 (1997). The probate judge's findings of fact are final unless they are so plainly erroneous that such findings could not reasonably be made. *See* RSA 567-A:4 (1997). "Legal determinations and the application of law to fact are reviewed independently for plain error." *Fleet Bank – NH v. Chain Constr. Corp.*, 138 N.H. 136, 139 (1993).

Partition is defined as "a division into severalty of property held jointly or in common or the sale of such property by a court and the division of the

proceeds." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1647 (unabridged ed. 2002). "[A]n action to partition property is one that calls upon the court's equity powers, so that complete justice may be done by such means as are appropriate to the special circumstances and situation of each particular case." *Northern N.H. Mental Health v. Cannell*, 134 N.H. 519, 522 (1991) (quotations omitted). In such cases, the "jurisdiction of the court extends to adjustment of conflicting claims in a fair division of the proceeds in the light of the attendant circumstances." *Bartlett v. Bartlett*, 116 N.H. 269, 272 (1976).

The New Hampshire statutes concerning partition have long been regarded as conferring equitable jurisdiction and powers. *Hale v. Jacques*, 69 N.H. 411, 411-12 (1898). The Omnibus Justice Act of 1992 consolidated in the probate courts jurisdiction over petitions for partition of real estate. *See* 11 C. DEGRANDPRE, NEW HAMPSHIRE PRACTICE, PROBATE LAW AND PROCEDURE § 80-2, at 470 (2001). Probate courts have equitable jurisdiction to partition the fee upon the petition of "[a]ny person owning a present undivided legal estate in land" and have full authority to try issues relating to the partition. *Id.* at 471; RSA 547-C:1 (Supp. 2003); *see* RSA 547-C:10 (Supp. 2003).

Here, because the court misapprehended its authority to rule upon the efficacy and legal import of the deed to Pedersen and Brook as joint tenants, it did not try all issues related to the partition. The order states:

> The difficult issue before the Court is the one posed by the Respondent, as follows: because the warranty deed executed on July 21, 2001 is labeled as a gift, it means, as a matter of law, that the Petitioner and Respondent each own an undivided one-half (1/2) interest in the Premises, and the legal principal [*sic*] of "estoppel by deed" applies, namely that the Petitioner is estopped from denying every recitation and covenant in the deed.

> By taking this position, the Respondent, in effect, requests this Court to pass judgment, or rule upon, the efficacy and legal import of the warranty deed dated July 21, 2001, and the Court has no jurisdiction to make such a ruling . . . .

This was error. By the terms of the statute, the probate court has authority to consider the "status of the legal title" to the property in adjudicating a partition case. *See* RSA 547-C:29. Moreover, the court was vested with "full power to determine the respective interests of all the parties." RSA 547-C:10; *see also* RSA 547-C:11 (Supp. 2003).

Brook argues that Pedersen's conveyance constituted a completed gift. As such, she asserts that she received a fifty-percent, undivided interest in the property which was not subject to further equitable division by the court. "A valid gift requires a manifest intention of the donor to give and an unconditional delivery of the thing given. The requisite donative intent can be found by any acts or words of the donor in which he expresses his intention to make a present gift to the donee." 7 C. DEGRANDPRE, NEW HAMPSHIRE PRACTICE WILLS, TRUSTS AND GIFTS § 34.04, at 440 (2003). Brook notes that both the deed and the declaration of consideration for the transfer reflect Pedersen's intent to "gift" her a fifty-percent, undivided interest in the property. She also argues that a party who executes a deed is estopped from denying not only the deed itself, but every fact and covenant it contains.

At trial, Pedersen requested the court to find that when he "transferred the premises to himself and Ms. Brook, he did not intend to make a gift of an undivided one-half interest in the premises." This request was neither granted nor denied. Pedersen now argues that the characterization of the transfer as a gift was simply for tax purposes and that the term, "Non-Contractual/Gift," that appears on the deed is a technical phrase that does not have any other significance. According to Pedersen's argument, a party whose name is placed on a deed gratuitously may claim no more than the sum of that party's contributions.

Pedersen further argues, correctly, that a conveyance into joint tenancy does not necessarily give rise to an irrebutable presumption of entitlement to one-half the value of the property. "Equity does not require that the proceeds in partition always be divided strictly according to the relative value of the estates held by the respective parties." *Bartlett*, 116 N.H. at 272. The partition statute looks at the parties' contributions to the acquisition, maintenance, repair, preservation, improvement, and appreciation of the property, and any disparities in those contributions. *See* RSA 547-C:29. It also allows the court to consider the duration of the occupancy and nature of the parties' use, contractual agreements as to the disposition of the property, the status of legal title to the property and other factors the court deems relevant. *See id.*

By its nature, a partition action determines legal title to property. For example, in this case, the trial court decreed Pedersen to be the owner in fee simple of the premises, free and clear of any claim of Brook or anyone claiming through her. The probate court thus has full authority to try and to determine all issues relative to partition actions. *See* RSA ch. 547; DEGRANDPRE, *supra* at 471. Because the trial court had jurisdiction to consider and rule upon the issues presented in this appeal, but did not, we

vacate and remand for further proceedings consistent with this opinion. We express no opinion as to whether the evidence will dictate a different result—we leave to the trial court the application of the correct legal standard in the first instance. *See State v. L'Heureux*, 150 N.H. 822, 827-28 (2004).

The remaining arguments and issues have either been addressed in the context of our foregoing analysis of other arguments or are without merit and warrant no further review. *See Town of Nottingham v. Bonser*, 146 N.H. 418, 430 (2001); *Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Vacated and remanded.*

BRODERICK, DALIANIS and DUGGAN, JJ., concurred.