Rockingham
No. 2011-288

LYNNE DIGAETANO *& a.*

v.

JOHN M. DIGAETANO

Argued: March 8, 2012
Opinion Issued: May 11, 2012

*Griffin Law LLC*, of Newton, Massachusetts (*Stephen P. Griffin* on the brief and orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Steven E. Grill* and *Leigh S. Willey* on the brief, and *Mr. Grill* orally), for the defendant.

LYNN, J. The plaintiffs, Lynne DiGaetano, Michael John DiGaetano, Christopher D. DiGaetano, Scott M. DiGaetano, and Shauna Arsenault, appeal an order of the Superior Court (*McHugh*, J.) granting the motion *in limine* of the defendant, John M. DiGaetano, to exclude parol evidence. The defendant cross-appeals a prior order of the same Court (*Nicolosi*, J.) denying his motion to strike the plaintiffs' notice of appeal. We reverse the order denying the defendant's motion to strike.

I

The relevant facts are not in dispute. Domenica and Michael DiGaetano were a married couple with two sons, one of whom is the defendant. On June 7, 1996, the couple established a family trust holding title to their home in Salem, and named their grandchildren and great-grandchildren, including the plaintiffs, as beneficiaries of the trust. Paragraph eleven of this trust provided that the trust "may be revoked in its entirety or amended from time to time by an instrument in writing executed by the said Donors jointly or by a surviving Donor."

Michael DiGaetano died in November 2002. Domenica then amended the trust in May 2003, establishing the defendant as the sole trustee and beneficiary. Domenica died in June 2006. Following his mother's death, the defendant sold his parents' former home held by the family trust, for net proceeds of $263,112.92.

Seeking to establish himself as the rightful owner of the proceeds, the defendant petitioned the Rockingham County Probate Court in February 2008 to interpret the trust. After a six-day bench trial, the Probate Court (*Hurd*, J.) concluded that the trust, as amended by Domenica in May 2003, is valid and enforceable, and ruled in favor of the defendant.

The plaintiffs then appealed to the superior court and sought a *de novo* jury trial pursuant to RSA 547:11-d (2007), a since-amended statute

providing for appeal from the probate court to the superior court where the right to a jury trial is guaranteed by the constitution or by statute. The plaintiffs argue that they were entitled to a jury trial on the issues of whether the original family trust constituted a contractual "common plan," and whether Domenica breached that contract when she amended the original trust. The defendant moved to strike the plaintiffs' notice of appeal, contending that the superior court lacked jurisdiction. After the court denied his motion to strike, the defendant filed a motion *in limine* to exclude parol evidence. The superior court granted the motion, and, concluding that the plaintiffs could not sustain their burden of proof in the jury trial without the excluded evidence, dismissed the case. The plaintiffs now appeal the superior court's order granting the motion *in limine*, and the defendant cross-appeals the court's order denying his motion to strike the plaintiffs' appeal.

## II

We first address the defendant's contention in his cross-appeal that the superior court lacked jurisdiction over this case because it was within the exclusive jurisdiction of the probate court. At the time of the superior court's ruling, RSA 547:11-d (2007) (amended in 2011) provided, in relevant part:

> In cases where a right to jury trial is guaranteed by the constitution or granted by statute, a person may, at the time judgment by the probate court is declared, appeal therefrom to the superior court.

The plaintiffs argued that they were entitled to a jury trial on the issues of whether Domenica and Michael DiGaetano entered into a contractual "common plan" and whether Domenica breached that contract by amending the trust. The superior court agreed, and ruled that "[t]he plain language of RSA 547:11-d allows a party to request by appeal a trial by jury after the decision of the probate court," and that the plaintiffs were entitled to a jury trial "as a matter of common law and statute."

Whether the plaintiffs have a constitutional or statutory right to a jury trial under RSA 547:11-d is a question of law, which we review *de novo. New Hampshire Health Care Assoc. v. Governor*, 161 N.H. 378, 385 (2011). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meaning to the words used. *Id.*

 We note, as an initial matter, that "[t]rusts are, and have been since they were first enforced, within the peculiar province of courts of equity."

III A.W. SCOTT & W.F. FRATCHER, SCOTT ON TRUSTS § 197, at 188 (4th ed. 1988). In other words, "equity has original and complete jurisdiction over trusts[.]" G.G. BOGERT & G.T. BOGERT, THE LAW OF TRUSTS AND TRUSTEES § 870, at 136 (rev. 2d ed. 1995); *see also* 76 AM. JUR. 2D *Trusts* § 594, at 624 (2005) ("[A]ctions involving the enforcement of trusts or liability of trustees are generally based in equity."). New Hampshire law is consistent with this general principle, and does not provide a right to jury trial in matters of equity. *See Petition of Atkins*, 126 N.H. 577, 578-79 (1985) (noting that the right to jury trial in probate matters is "not constitutionally guaranteed, nor did it exist at common law"); *see also In re Estate of Heald*, 147 N.H. 280, 282 (2001) ("The right to request a jury trial in probate matters is purely statutory and may be granted or limited as the legislature sees fit.").

■ Under RSA 547:3, I(c) (Supp. 2011), the probate court has exclusive jurisdiction over "the interpretation, construction, modification, and termination of . . . trusts . . . ." The probate court also has jurisdiction over ancillary matters, including claims "for the recovery of money or property . . . brought by a third party against an estate, [or] trust . . . ." RSA 547:3-*l* (Supp. 2011). We determine the probate court's jurisdiction by examining "the nature of the claim" at issue. *In re Estate of Bourassa*, 159 N.H. 344, 347 (2009). The relevant inquiries into the nature of a claim include: (1) whether the action relates to an estate, will, or trust; and (2) whether the relief sought is equitable or legal. *Cf. Staples v. King*, 433 A.2d 407, 412 (Me. 1981). We also find it "immaterial whether the action may present factual as well as legal questions, for the probate judge is fully competent to serve as a finder of facts." *Id.*

■ The plaintiffs argue that they are entitled to a jury trial because "[t]he issue of whether an agreement existed between [Domenica and Michael DiGaetano] . . . is a question of contract formation for a jury, and does not fall within the equitable jurisdiction of the Probate Court." We disagree. The nature of the plaintiffs' claim involves the interpretation and construction of the original DiGaetano family trust, and the plaintiffs seek equitable, not legal, relief. The crux of the dispute here is whether the original family trust, which expressly allowed either spouse to amend the trust at any time, should be reformed in light of evidence of a separate oral contract preventing either surviving spouse from amending the trust's terms. This issue involves the interpretation of the meaning and validity of the trust itself, a task squarely within the exclusive jurisdiction of the probate court under RSA 547:3, I(c). *See In re Pack Monadnock*, 147 N.H. 419, 425 (2002); *cf.* 50A C.J.S. *Juries* § 95, at 229-30 (2008) ("A right to a jury trial is inapplicable to proceedings concerning . . . the construction of

a will, or claims against the estate."). In addition, the plaintiffs do not seek damages, the legal remedy for breach of contract; instead, they are effectively seeking to strike paragraph eleven from the original family trust, to declare the amended trust designating the defendant as the sole beneficiary unenforceable, and to impose a constructive trust in their favor over the proceeds received by the defendant from the sale of his parents' former home. The relief sought by the plaintiffs, therefore, is in reality the reformation of the original family trust, which is wholly equitable in nature, further indicating that this case is within the exclusive jurisdiction of the probate court.

■ ■ Nor are the plaintiffs entitled to a jury trial as third party beneficiaries to any alleged contract between Domenica and Michael DiGaetano. The third party beneficiary doctrine is an exception to the general rule that a non-party to a contract has no remedy for breach of contract. *Arlington Trust Co. v. Estate of Wood*, 123 N.H. 765, 767 (1983). Third party beneficiaries, as nonparties to a contract, "are nevertheless allowed to sue to enforce it because the parties intended them to have that right." *Brooks v. Trustees of Dartmouth College*, 161 N.H. 685, 697 (2011). *See generally* 17A AM. JUR. 2D *Contracts* § 425 (2004). The plaintiffs, however, are not suing Domenica for breach of contract; nor are they suing her, her estate, or anyone else for that matter, to enforce the contract. As discussed above, the plaintiffs are instead seeking to rely on the existence of such a contract as evidence to *reform* the family trust and impose a constructive trust in their favor. *See Brooks*, 161 N.H. at 698 ("the contract must show that the parties considered the third party's legal status and intended to confer upon him *a right to sue the promisor*" (quotations omitted; emphasis added)). Even if the plaintiffs could establish themselves as having more than just a mere expectancy of some benefit resulting from any alleged contract, *see id.* ("[I]t is not enough that the contract manifests the parties' intention to confer upon a third party the benefit of the promised performance."), the third party beneficiary doctrine still does not provide them a right to a jury trial under the circumstances of this case. Accordingly, we reverse the superior court's order denying the defendant's motion to strike the plaintiffs' notice of appeal, and remand with instructions to dismiss the plaintiffs' appeal.

## III

Because we conclude that the plaintiffs were not entitled to a jury trial in the superior court, we need not address their appeal of the superior court's order granting the defendant's motion *in limine* to exclude parol evidence.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.