# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0752, <u>Gail A. Ellis v. Stephen M. Currier</u>, the court on September 28, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Gail A. Ellis, appeals, and the defendant, Stephen M. Currier, cross appeals, orders of the Superior Court (<u>Tucker</u>, J.) following a bench trial, partitioning real properties that the parties owned jointly, and denying Ellis's request for replevin of a backhoe.  In its narrative orders, the trial court: (1) awarded Currier all right, title, and interest in property located at 180 Poor Farm Road in Farmington (Poor Farm Road property), determining that awarding that property solely to Currier was equitable because he had constructed the home and improvements on it, and had made certain improvements and additions to other properties owned solely by Ellis (Ellis properties); (2) required Ellis to satisfy a mortgage encumbering the Poor Farm Road property, concluding that requiring Ellis to satisfy the mortgage was equitable because the mortgage proceeds had financed improvements to the Ellis properties; (3) awarded Ellis all right, title, and interest in property located at 358 Ten Rod Road in Farmington (Ten Rod Road property), concluding that awarding that property to Ellis was equitable because she had primarily carried the property's expenses, and because Currier's involvement with the property had been "minimal"; and (4) found that Ellis had gifted the backhoe to Currier.

On appeal, Ellis raises numerous challenges to the decisions to award the Poor Farm Road property and backhoe to Currier, including arguments that: (1) requiring that she satisfy the mortgage violated RSA 547-C:11 (2007) and RSA 547-C:28 (2007); (2) the narrative orders were deficient, violated RSA 491:15 (2010), and deprived her of her state and federal constitutional rights to due process of law, because the trial court did not make certain express findings of fact, and because the trial court did not rule on most of the parties' requested findings of fact and rulings of law; (3) the trial court improperly relied upon improvements that Currier made to the Poor Farm Road property and Ellis properties through a third party corporation; and (4) the finding that Ellis had gifted the backhoe to Currier was contrary to the weight of the evidence. In his cross appeal, Currier argues that the trial court erred by: (1) dismissing, for failure to state a claim, a counterclaim in which he sought to partition one of the Ellis properties, and denying his subsequent motion to

reinstate that counterclaim; and (2) not awarding him an interest in the Ten Rod Road property. We assume, without deciding, that each of these arguments is preserved for our review. We conclude, however, that Ellis has waived her arguments that the trial court deprived her of due process because she has not adequately developed them. See State v. Chick, 141 N.H. 503, 504 (1996).

"An action for partition calls upon the court to exercise its equity powers and consider the special circumstances of the case in order to achieve complete justice." Foley v. Wheelock, 157 N.H. 329, 333 (2008) (quotation and brackets omitted). Likewise, replevin is a form of action that "has become impregnated with equitable principles without strict regard to its common-law limitations," such that "the inclination of the courts has been to give them a flexibility sufficient to meet exigencies and adjust all equities arising in such actions." National Shawmut Bank v. Cutter, 105 N.H. 206, 208-09 (1963) (quotation and ellipsis omitted). We review the trial court's equitable orders for an unsustainable exercise of discretion. Foley, 157 N.H. at 332. The party challenging the trial court's exercise of discretion must demonstrate that the ruling was unreasonable or untenable to the prejudice of his or her case. Id.

We will not overturn the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law, Pedersen v. Brook, 151 N.H. 65, 66 (2004), mindful that as the trier of fact, the trial judge was free to accept or reject whatever evidence was presented, and was not compelled to believe even uncontested evidence, DeLucca v. DeLucca, 152 N.H. 100, 102 (2005). The deference accorded to trial judges on findings of fact is particularly appropriate in a case such as the present one, in which the trial judge took a view of the properties at issue. See Vigeant v. Town of Hudson, 151 N.H. 747, 750 (2005). Although RSA 491:15 (2010) obliges the trial judge, when requested by parties in a bench trial, to render express findings of fact and rulings of law, the trial judge need not respond to every proposed finding and ruling submitted by the parties, but may issue a narrative order explaining its rulings of law and the basic or essential facts supporting its rulings. Crown Paper Co. v. City of Berlin, 142 N.H. 563, 570-71 (1997).

In this case, the trial court issued two lengthy narrative orders, one following a bench trial encompassing five days of testimony and generating a 1067-page transcript in which it explained its rulings in detail, and the other in which it responded in detail to the parties' arguments on reconsideration. Ellis has the burden of demonstrating reversible error as to the issues that she is raising on appeal; Currier has the burden of demonstrating reversible error as to the issues that he is raising on cross appeal. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's extensive narrative

2

orders, the parties' respective challenges to those orders, the relevant law, and the record submitted on appeal, we conclude that neither party has demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**<br>**Clerk**