# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0049, <u>Mary Feeney v. Karyn Kelley</u>, the court on October 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Karyn Kelley, appeals an order of the Superior Court (<u>Abramson</u>, J.), granting the petition for partition filed by the petitioner, Mary Feeney. <u>See</u> RSA 547-C:2 (Supp. 2014). The respondent contends that the trial court erred by: (1) "omit[ing] or overlook[ing] the import of applying equitable considerations"; (2) "presuming joint tenancy led to equal division of the property"; and (3) not considering "the need to sell the property and the effect of the homestead right."

An action for partition calls upon the trial court to exercise its equity powers and consider the special circumstances of the case in order to achieve complete justice. <u>Foley v. Wheelock</u>, 157 N.H. 329, 333 (2008). RSA 547-C:29 (2007) authorizes the trial court to consider the parties' contributions to the acquisition, maintenance, repair, preservation, improvement, and appreciation of the property, and any disparities in those contributions. <u>Pedersen v. Brook</u>, 151 N.H. 65, 68 (2004). It also allows the trial court to consider the status of legal title to the property and other factors it deems relevant. <u>Id</u>. "Equity does not require that the proceeds in partition always be divided strictly according to the relative value of the estates held by the respective parties." <u>Bartlett v. Bartlett</u>, 116 N.H. 269, 272 (1976).

We will not disturb the trial court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. <u>DeLucca v. DeLucca</u>, 152 N.H. 100, 102 (2005). We review the record of the proceedings before the trial court to determine whether its findings could be reasonably made, understanding that the trier of fact is in the best position to measure the persuasiveness and credibility of evidence and is not compelled to believe even uncontroverted evidence. <u>Id</u>. Thus, we defer to the trial court's resolution of conflicts in the testimony, the credibility of witnesses, and the weight to be given evidence. <u>Id</u>.

The respondent acknowledges that legal title is one consideration in determining partition. However, she argues that "[b]y elevating joint tenancy above other statutory factors, the court misconstrued its statutory obligation to 'consider the special circumstances of the case, in order to achieve complete justice.'" We disagree. The trial court specifically considered the respondent's

claims that "she originally purchased the property individually, she only transferred the property to the petitioner to secure a better rate on a mortgage, and petitioner contributed little to nothing to the maintenance of the property after it became jointly owned." It concluded, however, that respondent's original purchase was "irrelevant," and observed that the parties had jointly owned the property for fifteen years, "during which time both petitioner and respondent were legally responsible for it." The trial court further found that for most of that time the respondent's mother occupied the property and "paid all associated costs and expenses relating to the property."

Although the respondent argued that she, and not the petitioner, had made significant contributions to the property, the trial court concluded that she had provided "no evidence supporting these claims." Thus, the trial court determined that "because neither party significantly contributed to the maintenance of the property, respondent does not have any significant equitable claim to the property" that would justify abrogating the petitioner's interest. On appeal, the respondent points to no evidence in the record that would have compelled, as a matter of law, a different ruling. Although the respondent argues that the trial court failed to make sufficient findings, we assume it made all findings necessary to support its decision. See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). We note that neither party submitted proposed findings of fact or trial memoranda, despite the trial court's invitation.

We next address the respondent's argument that "[b]y wrongly relying on a presumption the joint deed 'as a matter of law' provided 'an equal ownership interest in the property' . . . , the Court 'impermissibly shifted the burden of proof' onto" her. Although the trial court addressed the respondent's argument first in its initial order and referred to the petitioner's argument as a "response," we interpret the trial court's order, when read in conjunction with its order upon reconsideration, as placing the initial burden on the petitioner, who argued that she had been a joint tenant of the property for many years and that "neither party contributed to the maintenance of the property." See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is question of law, which we review de novo).

The respondent argues that the trial court did not consider the import of the petitioner's letter disclaiming her interest in the property. However, the trial court noted that the petitioner argued that the letter was intended to take effect only "in the event of the simultaneous death of both parties," and that the respondent "did not contest this explanation." Accordingly, the trial court concluded that "the letter signed by petitioner never became effective." To the extent that the respondent is arguing that the trial court should have placed more weight upon the letter, we defer to the trial court. See DeLucca, 152 N.H. at 102.

The respondent argues that: (1) the petitioner provided no documentation to support her argument that the respondent had not lived on the property prior to her relationship with the petitioner; (2) the petitioner did not document the respondent's mother's payments while living at the property and that the respondent "produced documentation showing she alone paid off the mortgage"; (3) there were no liens upon the property after the mortgage was paid; (4) the respondent owned the property for some years before deeding it to the petitioner; (5) the petitioner never lived on the property; and (6) the respondent contributed to the home she shared with the petitioner. However, none of these factual allegations compels the conclusion that the trial court's equitable decision was unsupported by the evidence or plainly erroneous as a matter of law. See id.

Because we conclude that the trial court properly weighed the equitable considerations in accordance with RSA 547-C:29, we need not address whether it erred in assuming that a joint tenancy creates a rebuttable presumption that each tenant is entitled to an equal portion of the property upon partition. See Kessler v. Gleich, 156 N.H. 488, 494 (2007) (stating we will not disturb trial court's judgment when error did not affect outcome).

We next address the respondent's arguments that the trial court did not consider whether it was necessary to sell the property or whether she had a homestead interest. She does not point to where she raised either of these arguments to the trial court; therefore, we decline to address them. See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 69-70 (2012). We note that the trial court ordered the property sold, unless either party purchased the other's interest, because the property is "a condominium unit, and as such division of the property is not possible."

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

3