NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2018-0202


EVELYN TARNAWA

v.

RICHARD GOODE

Argued: May 8, 2019
Opinion Issued: July 2, 2019


Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief and orally), for the plaintiff.

Nixon, Vogelman, Slawsky & Simoneau, P.A., of Manchester (Leslie C. Nixon on the brief and orally), for the defendant.

HICKS, J. The defendant, Richard Goode, appeals an order of the Superior Court (Messer, J.) granting a petition to partition real property in Manchester brought by the plaintiff, Evelyn Tarnawa. We affirm.

The following facts were found by the trial court or are established by documents submitted to the trial court. The parties are siblings. They received joint title to the property at issue under the will of their mother (the decedent), who died in 2009. The defendant had been living on the property with the decedent prior to her death, and, after her death, chose to continue living there.

In 2010, the plaintiff sent the defendant a proposed agreement purporting to set forth the defendant's rights and responsibilities with respect to the property while he continued to reside there. Although some back-and-forth discussions took place between the parties, the agreement was never executed, and no evidence of any other agreement regarding the property was presented to the trial court. The defendant claims to have made improvements to the property.

Beginning in 2012, the defendant failed to pay the property taxes in full. The plaintiff did not learn of this failure until she was notified by the City of Manchester in 2016. By December 7, 2017, the amount owed for outstanding taxes, costs and interest was $33,803.13, with interest accruing at $11.17 per day.

In 2016, the plaintiff filed a petition for partition, requesting that the court order a sale of the property "and a division of the proceeds of the sale on an equitable basis, i.e. a deduction of all outstanding deficiencies from the Defendant's share of the proceeds." The defendant moved to dismiss for lack of subject matter jurisdiction. He also moved for summary judgment on the basis of res judicata and the decedent's intent to devise the property to the parties as joint tenants with rights of survivorship. The trial court denied those motions and granted the petition to partition. The court found that "[g]iven the small size of the parcel and the residence already constructed thereon," the property "cannot be divided without causing great prejudice or inconvenience to the parties." Thus, the court directed that the property be sold and the proceeds divided between the parties as set forth in the order.

The defendant moved for reconsideration and to stay the order, which the trial court denied. This appeal followed.

> We will uphold a trial court's equitable order unless it constitutes an unsustainable exercise of discretion. In doing so, the question is whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. The party asserting that a trial court order is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of his case. We will not disturb the findings of the trial court unless they lack evidentiary support or are legally erroneous. Indeed, our review of the trial court's decision is limited: we will not substitute our judgment for that of the trial court unless the findings and rulings are unsupported by the evidence or are erroneous as a matter of law. Nor will we reweigh the equities.

Hayes, Tr. v. Connolly, Tr., 172 N.H. ___, ___ (decided March 29, 2019) (slip. op. at 4) (quotations and citations omitted).

2

On appeal, the defendant argues that the trial court erred in failing to dismiss this action because: (1) the court lacked subject matter jurisdiction; (2) the action is barred by res judicata; (3) the claim is really one for breach of contract; and (4) the action is barred by laches.  The defendant further argues that if we reject his subject matter jurisdiction and res judicata arguments, we should nevertheless reverse and remand the case for the trial court to "consider the individual circumstances of the parties."  (Bolding omitted.)

We first address the defendant's subject matter jurisdiction argument.  The trial court, in ruling that it had jurisdiction, relied upon RSA 547:3, II(e), which provides that the probate court[1] has concurrent jurisdiction with the superior court over "[p]etitions for partition pursuant to RSA 547-C."  RSA 547:3, II(e) (Supp. 2018).  The defendant argues that RSA 547:3, II(e) "appears to be in direct conflict with RSA 498:1," which provides, in pertinent part:

> The superior court shall have the powers of a court of equity in the following cases: . . . the affairs of partners, joint tenants or owners and tenants in common; . . . except that the court of probate shall have exclusive jurisdiction over equitable matters arising under its subject matter jurisdiction authority in RSA 547, RSA 547-C and RSA 552:7.

RSA 498:1 (2010) (emphasis added).

The defendant's argument raises an issue of statutory interpretation which presents a question of law subject to our de novo review.  See Rogers v. Rogers, 171 N.H. 738, 743 (2019).

> In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed by the words of the statute considered as a whole.  We first look to the statutory language, and whenever possible construe that language according to its plain and ordinary meaning.  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  When the language of a statute is unambiguous, we do not look beyond it for further indications of legislative intent.

Id. (citations omitted).

---

[1] In 2011, the legislature created the New Hampshire Circuit Court, and conferred upon it the jurisdictions of the former probate and district courts and the former judicial branch family division.  See RSA 490-F:1-:3 (Supp. 2018).  Nevertheless, as in Rogers v. Rogers, 171 N.H. 738 (2019), "this opinion will refer to the circuit court, probate division as the 'probate court' to avoid any confusion with our prior decisions concerning probate jurisdiction."  Rogers, 171 N.H. at 740 n.1.

3

The defendant cites, among other provisions, RSA 547:3, I(a) (2007) and RSA 547:3, I(c) (Supp. 2018), which vest the probate court with exclusive jurisdiction over the probate of wills and the interpretation and construction of wills, and RSA 547:9 (2007), which provides that "[a]ll proceedings in relation to the settlement of the estate of a person deceased shall be had in the probate court of the county in which his will was proved or administration on his estate was granted." He asserts that "[t]he obvious legislative intent was to vest the probate court with full and exclusive jurisdiction to resolve all issues relating to the distribution of property at death." See RSA 547:3, I (Supp. 2018) (granting the probate court exclusive jurisdiction over certain matters). He then concludes that the only way to resolve the apparent conflict between RSA 547:3, II(e) and RSA 498:1 is "to construe RSA 547:3, II(e) as not applying to the settlement of [a deceased person's estate]." (Quotation omitted.) As we read the defendant's argument, he appears to contend that if a property is acquired through settlement of a decedent's estate, jurisdiction over its subsequent partition lies exclusively with the probate court.

We rejected a similar invitation to broadly construe the probate court's jurisdiction in Rogers, 171 N.H. at 745. In Rogers, the plaintiff and defendant, husband and son of the decedent, respectively, were the devisees of the decedent's estate. Rogers, 171 N.H. at 739-40. The defendant was also appointed executor of the estate. Id. at 740. Several years after the estate was probated, the plaintiff brought an action in superior court against the defendant for breach of fiduciary duty, fraud, negligence and unjust enrichment, based upon allegations that the defendant had misrepresented the value of an estate asset during the estate's administration. Id. at 740-41. The defendant moved to dismiss, arguing that "all of the plaintiff's claims are related to the estate, and the administration of the estate, and the values of estate assets, and the disbursement of the estate assets and, therefore, the probate court has exclusive jurisdiction over the parties' dispute pursuant to RSA 547:3." Id. at 741 (quotation and brackets omitted). On reconsideration, the trial court dismissed the action, finding that the probate court had exclusive jurisdiction over the matter. Id. at 741-42.

We reversed, rejecting an interpretation of RSA 547:3 that would vest the probate court with exclusive jurisdiction over a common law tort claim "based solely upon the fact that some of the alleged conduct occurred during or as a part of the administration of an estate." Id. at 745. Instead we applied the analysis of DiGaetano v. DiGaetano, 163 N.H. 588 (2012), to determine whether the probate court had jurisdiction. Id. Furthermore, we clarified:

> [F]or the purposes of determining the nature of a party's claim in the context of DiGaetano's jurisdictional analysis, it is the manner by which an action relates to an estate that is the critical inquiry, not whether a relationship simply exists. Therefore, the determination of subject matter jurisdiction in this case depends

4

upon whether a direct connection exists between the plaintiff's claims and the composition, administration, sale, settlement, and final distribution of the estate, and whether the connection relates to the estate or will in a manner that mandates the probate court's exclusive jurisdiction.

Id. at 746. We concluded that the manner in which the plaintiff challenged the defendant's conduct did not "require the probate court's expertise or its jurisdiction . . . . Consequently, the manner by which these claims relate to the decedent's estate and will is tangential, not direct, and thus, the plaintiff's claims do not fall within the probate court's exclusive jurisdiction." Id. at 747.

The plaintiff's claim in the instant case is similarly tangential to the decedent's estate. That estate was merely the vehicle through which the parties obtained title to the property. We reject the defendant's contention that interpretation of the will is an issue in this case, and that, therefore, the "appropriate remedy" for the plaintiff is to seek to reopen the proceeding in probate court. The defendant asserts that the decedent's intent was to leave the property to the plaintiff and him as joint tenants with rights of survivorship. Because of that alleged intent, the defendant claims that a determination whether to sell the property is "premature."

The trial court concluded, however, and we agree, that it is irrelevant to the partition action whether the property was devised to the parties as joint tenants with rights of survivorship or as tenants in common. The plaintiff would be entitled to partition of the property in either case. See RSA 547-C:1 (2007) (providing, in relevant part, that "[a]ny person owning a present undivided legal or equitable interest or estate in real . . . property . . . shall be entitled to have partition or division in the manner hereinafter provided"); Pedersen v. Brook, 151 N.H. 65, 66-67 (2004) (noting that "[p]artition is defined as a division into severalty of property held jointly or in common or the sale of such property by a court and the division of the proceeds" (quotation omitted)). Accordingly, the defendant has failed to persuade us that an issue related to the estate must now be resolved in order to partition the property and, therefore, we conclude that the partition action does not "relate to" an estate in the manner Rogers requires for exclusive probate court jurisdiction. Rogers, 171 N.H. at 747. Because the superior and probate courts have concurrent jurisdiction over the subject matter of this case, the superior court properly exercised its jurisdiction.

The defendant next argues that this action is barred by res judicata. "The applicability of res judicata is a question of law, which we review de novo." Hansa Consult of N. Am. v. Hansaconsult Ingenieurgesellschaft, 163 N.H. 46, 49 (2011). "The doctrine of res judicata prevents the parties from relitigating matters actually litigated and matters that could have been litigated in the first action." In re Estate of Bergquist, 166 N.H. 531, 534-35 (2014) (quotation

omitted). "The doctrine applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits." Id. at 535 (quotation omitted).

The element in controversy on appeal is the second. The defendant argues that the trial court erred in concluding that "[a]n action to partition property is not a theory of recovery that arises out of the settlement of a probate estate." He contends that, to the contrary, "an action to partition and sell the property was very much a possibility during the settlement of the estate, and was in fact discussed." "Clearly," he asserts, "the probate court had the authority to order partition if either of the parties had sought it at the time the estate was probated and both parties are precluded from seeking it now." (Citation omitted.) We disagree.

In Eastern Marine Construction Corp. v. First Southern Leasing, 129 N.H. 270 (1987), we adopted "what we consider[ed] to be the modern and better view" of what constitutes a "cause of action" for purposes of res judicata. Eastern Marine, 129 N.H. at 274. Thus, we chose to "define cause of action collectively to refer to all theories on which relief could be claimed on the basis of the factual transaction in question." Id. at 275. We found the definition more "in keeping with the principle that pervades our modern procedure . . . that the whole controversy between the parties may and often must be brought before the same court in the same action." Id. at 274-75 (quotation omitted).

Nevertheless, there remain some claims that, while they might be brought when other claims between the parties are adjudicated, need not be so brought or otherwise be barred. See Meier v. Town of Littleton, 154 N.H. 340, 343 (2006) (acknowledging that Eastern Marine, 129 N.H. at 275, "contain[s] language suggesting a somewhat more expansive definition of 'cause of action,'" but distinguishing that case from "a suit making a claim that could only have been raised as a [permissive] cross-claim in the previous suit"); see also Super. Ct. Civ. R. 10 (addressing compulsory and permissive counterclaims).

The plaintiff's partition action is just such a claim. The plaintiff was entitled to bring her partition action as soon as she became a co-owner of an undivided interest in the property, see RSA 547-C:1, and could have petitioned for partition in the probate court at the time the decedent's estate was administered. She was not, however, required to do so, and "could, as she did, reserve her right to file a complaint for partition at a later date." Boddiker v. McPartlin, 41 N.E.2d 756, 761 (Ill. 1942) (concluding that the prior action was not res judicata where, "[e]ven if it be conceded that plaintiffs should have filed a counterclaim for partition [in that action,] there was no imperative duty on their part to do so").

6

To recognize the foregoing is, of course, to recognize that the plaintiff's partition claim and the administration of the decedent's estate are not, in fact, the same cause of action. The estate's summary administration, among other things, fulfilled the decedent's intent to pass the property to both the plaintiff and the defendant. See RSA 553:33, IV (2007) (upon granting of summary administration, the administrator becomes obligated to "complete the administration of the estate without further court supervision in accordance with the decedent's will and applicable law"). The partition action calls upon the court to exercise its equity powers to physically divide the property between the plaintiff and the defendant, with or without monetary adjustments between the parties, RSA 547-C:11, :22 (2007), or, if it finds that "the property is so situated or is of such a nature that it cannot be divided so as to give each owner his or her share or interest without great prejudice or inconvenience," to order the property "to be sold and the proceeds from the sale to be divided among the owners according to their respective rights, titles, or interests," RSA 547-C:25 (2007). The right to seek judicial severance of title at any time is an incident of co-ownership. See, e.g., Coolidge v. Coolidge, 287 A.2d 566, 568 (Vt. 1971) ("The general law is that partition is a right incident to common ownership which a co-owner may demand absolutely.").

The factual transaction at issue in the first action was the testamentary disposition of the decedent's estate; in the second, the factual transaction was merely the undivided co-ownership of the property itself, regardless of how it was acquired, and the plaintiff's desire to sever that co-ownership. Thus, the two actions are not merely different legal theories for claiming relief on the basis of the same factual transaction. See In re Estate of Bergquist, 166 N.H. at 535; cf. Burns v. Wood, 427 S.W.2d 353, 356-57 (Tex. Civ. App. 1968) (concluding that the "present action for partition is clearly distinct and separate" from a prior suit seeking to enjoin the appellants from going onto land in which, the prior suit determined, they owned an undivided interest, and holding that the appellee's failure to request a partition in the previous suit did not bar the current partition action on the basis of res judicata).

The defendant nevertheless argues that "courts in other states have made it clear that a party can be precluded from seeking partition if he or she fails to seek it in an earlier action." We find the cases cited by the defendant — Adamson v. Marill, CV166055562S, 2017 WL 715686 (Conn. Super. Ct. Jan. 13, 2017), and Judy v. Judy, 712 S.E.2d 408 (S.C. 2011) — to be distinguishable. In Judy, the issue was whether an action for waste was, under the doctrine of res judicata, barred by a prior partition action in which a claim for waste had been raised, then abandoned with a specific request that the probate court not rule on it. Judy, 712 S.E.2d at 410-11, 415. In Adamson, the plaintiff brought a prior action regarding disposition of jointly-owned property in which he only sought equitable distribution notwithstanding that the applicable statute also afforded the right to seek partition. Adamson, 2017 WL 715686, at *5. The court held that where the plaintiff had

7

"voluntarily and intentionally" limited the relief sought in the first action and thereby "eschewed the opportunity to full[y] litigate a claim concerning partition," his subsequent attempt to bring a partition action was barred by res judicata. Id. at *6. Here, there has been no prior action involving disposition of the property while it has been co-owned by the parties. The testamentary disposition in the administration of the decedent's estate, which created the parties' co-ownership, was not such an action. We conclude, for all of the foregoing reasons, that the instant partition action is not barred by res judicata.

The defendant next contends that the plaintiff's claim was really for breach of contract and that, because "there is an adequate remedy at law in the form of monetary damages," the equitable remedy of partition is unavailable. The defendant also relatedly argues that the case should have been dismissed because the trial court "found that no contract existed obligating the defendant to pay property taxes."

We disagree that the plaintiff's claim is one for breach of contract. The plaintiff's complaint does recite, in its statement of facts, that she and the defendant "agreed that, although [they] would co-own the demised premises, [the defendant] would continue to reside [there] and assume all living, maintenance, utility and real estate tax expenses, and all other carrying costs and expenses, in exchange for the solitary use, enjoyment and benefit of residing there." That statement, however, along with subsequent recitations concerning the defendant's failure to pay the property taxes and other expenses, merely provides a factual background to the plaintiff's claim. The only relief the plaintiff requested was that the court "order a sale of the demised premises and a division of the proceeds of the sale on an equitable basis." In addition, the only basis for the superior court's jurisdiction cited in the complaint was RSA 498:1, which confers upon the superior court "the powers of a court of equity" in specified cases including "the affairs of . . . joint tenants or owners and tenants in common." RSA 498:1. We conclude that the complaint unambiguously sought partition, not a remedy for breach of contract, and that the plaintiff does not have an adequate remedy at law.

The defendant next argues that the action should have been dismissed on laches grounds. The defendant argues that although the plaintiff knew of her right to partition at the time the decedent's estate was administered, she waited more than seven years to bring her action. "In the meantime," the defendant asserts, he "has detrimentally relied on [the plaintiff's] implied agreement to allow him a life tenancy, by maintaining and making improvements to the property."

"Laches is an equitable doctrine that bars litigation when a potential plaintiff has slept on his rights." Flaherty v. Dixey, 158 N.H. 385, 387 (2009) (quotation omitted). "Laches is not a mere matter of time, but is principally a

8

question of the inequity of permitting the claim to be enforced — an inequity founded on some change in the conditions or relations of the property or the parties involved." Id. (quotation omitted). "In determining whether the doctrine should apply to bar a suit, the court should consider the knowledge of the plaintiffs, the conduct of the defendants, the interests to be vindicated, and the resulting prejudice." Id. (quotation omitted). "The party asserting laches bears the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay." Appeal of Plantier, 126 N.H. 500, 505 (1985) (quotation omitted). The trial court has broad discretion in deciding whether the circumstances justify the application of laches, and unless we find that the trial court's decision is unsupported by the evidence or erroneous as a matter of law, we will not overturn it. Flaherty, 158 N.H. at 387 (quotation omitted).

We do not find the trial court's ruling in this case to be "unsupported by the evidence or erroneous as a matter of law." Id. With respect to the defendant's claimed improvements, the trial court found that the defendant "failed to present evidence proving the existence of the improvements," other than receipts for "minor expenses related to services like pest control, lawn care, and stair maintenance." The trial court also found laches inapplicable where the defendant had, in fact, benefited from the delay. The court ruled: "The fact that the plaintiff did not object to defendant living on the property rent-free and did not move to partition sooner, was beneficial to him and certainly does not eviscerate plaintiff's right to seek partition of the property, a right she may exercise at any time." Accordingly, we reject the defendant's argument that the case should have been dismissed on the basis of laches.

Finally, the defendant urges us to remand the case for the trial court to "consider the individual circumstances of the parties." (Bolding omitted.) The defendant asserts that "there were a number of special circumstances" in this case, but he has not demonstrated that the trial court failed to consider them. In fact, in response to that argument on reconsideration, the trial court noted that it "carefully considered all of the information before it in determining that the appropriate remedy is partition and sale of the property." Most of the claimed special circumstances were stated in the defendant's proposed findings of fact, and thus, the court ruled, were, "granted, denied, or determined to be unnecessary, consistent with" the court's narrative order. To the extent the defendant is asking this court to reweigh the equities, that is not our role on appeal. See Hayes, 172 N.H. at ___ (slip op. at 4); Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 68 (2012) (noting that "[o]ur task on appeal is not to reweigh the equities").

Affirmed.

LYNN, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.